529 A.2d 1191

Michael L. Serge, Appellant *v.* The City of Scranton, Appellee.

Michael L. Serge, Appellant *v.* The City of Scranton, The Director of Public Safety of The City of Scranton and The Chief of Police, Appellees.

Argued June 12, 1987, before Judge COLINS, and Senior Judges BARBIERI and NARICK, sitting as a panel of three.

*Peter G. Loftus,* for appellant.

*Carlene R. Gallo,* with her, *Michael J. Marrazzo,* for appellee.

*Thomas H. Kohn,* with him, *Thomas W. Jennings, Sagot & Jennings,* for Amicus Curiae, Fire Fighters Local Union No. 669.

*Anthony C. Busillo, II, Mancke, Lightman & Wagner,* for Amicus Curiae, Police Officers, D'Amico, Burrin and Ozovek.

OPINION BY SENIOR JUDGE NARICK, August 14, 1987:

This is an appeal by Michael Serge (Appellant)[1] from an order of the Court of Common Pleas of Lack-

---

[1] Also participating in the instant matter are two additional parties which have filed amicus curiae briefs. These parties are: (1) three City of Scranton police officers, Frank D'Amico, Alfred Burrin and Jeffrey Ozovek, who are presently involved in litigation before the Court of Common Pleas of Lackawanna County regarding the same issues raised in the instant litigation; and (2) Fire Fighters

awanna County granting the City of Scranton's (City) motion for summary judgment. We reverse.

The facts are not in dispute. Appellant is a police officer employed by the City of Scranton, a second class city. On or about April 28, 1983, Appellant was injured during the course of duty while attempting to effectuate an arrest. As a result of this injury, Appellant was unable to return to work until April 29, 1985. The City paid Appellant his full salary and benefits for the initial year of his disability, or April 29, 1984. However, after the expiration of this one year period, the City terminated payments and placed Appellant on workers' compensation until his return to work on April 29, 1985.

On March 29, 1984, Appellant filed a complaint in assumpsit against the City requesting his full salary and benefits; and on April 27, 1984 Appellant filed an equity action requesting that the City be enjoined from: (1) denying Appellant his salary and benefits during his disability; (2) placing Appellant on sick leave without pay; (3) terminating Appellant from his employment; and (4) placing Appellant on workers' compensation.

The issue before us for consideration involves the correct interpretation of the Act of June 12, 1913, P.L. 492, §1, 53 P.S. §631 (hereinafter Section 631) and the Act of June 28, 1935, P.L. 477, §1, 53 P.S. §637, *as amended,* 53 P.S. §637(a) (Supp. 1987-1988) (hereinafter Section 637).[2] Thus, we must determine whether Appellant was entitled to receive his full salary and benefits during his second year of disability or from April 29, 1984 until April 29, 1985.

---

Local Union No. 669 International Association of Firefighters, AFL-CIO who represent fire fighters which consist of a protective class of uniform employees within the ambit of the statutes which are contested herein.

[2] Section 637 is often referred to as the Heart and Lung Act.

Appellant argues that Section 637 is the applicable statute, and therefore he is entitled to his full salary and benefits pursuant to Section 637. The City counters that Section 631 is the applicable statute and therefore Appellant was only entitled to his full salary and benefits for a period of one year.

Section 637, which is relied upon by Appellant, provides in pertinent part:

> (a) Any member of the State Police Force . . . *any policeman,* fireman, or park guard of *any county, city, borough, town or township,* who is injured in the performance of his duties . . . and by reason thereof is *temporarily* incapacitated from performing his duties shall be paid . . . his *full rate of salary,* as fixed by ordinance or resolution, *until the disability arising therefrom has ceased* . . . (Emphasis added.)

Section 631, which is relied upon by the City, provides:

> Cities of the first and second class of this Commonwealth be, and are hereby, authorized and empowered to pay *all persons in their employ* during absence from their employment, caused by injuries, sickness, or disablement of any kind whatsoever, sustained in the performance of their duties; Provided, That such compensation made by the city shall only be equal to the amount of wages or salary said person would have received during the period of absence from his or her employment, and *never for a period of time to exceed one year.* (Emphasis added.)

Thus, both Section 637 and Section 631 purportedly provide compensation to policemen for work-related injuries. However, these statutes are conflicting. Disability compensation is limited to one year pursuant to Section 631; but temporary disability compensation may

extend beyond one year pursuant to Section 637. Therefore, in order to afford the appropriate interpretations to Sections 631 and 637, we must look to our Rules of Statutory Construction.

It is provided in 1 Pa. C. S. §1933 (hereinafter Section 1933) that:

> Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. *If the conflict between the two provisions is irreconcilable, the special provisions shall prevail* and shall be construed as an exception to the general provision, *unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.* (Emphasis added.)

The trial court observed that Sections 631 and 637 are irreconcilable; and therefore, the specific one must prevail. We agree. The trial court went on to conclude, however, that Section 631 was a specific provision and that Section 637 was a general provision. On this point, we must respectfully disagree with the trial court.

We conclude that Section 637 is a special provision dealing specifically with state policemen, policemen, and firemen as well as other law enforcement officers of any county, city, borough, town or township. On the other hand, Section 631 is a general provision dealing with all municipal employees of a first or second class municipality. Evidence that Section 637 was intended to afford special protection to law enforcement officers can be found in *Cunningham v. Pennsylvania State Police,* 510 Pa. 74, 507 A.2d 40 (1986) and *Palmeri v. Pennsylvania State Police,* 508 Pa. 544, 499 A.2d 278 (1985). Although the central issue in both of these cases

involved the burden of proof required to terminate benefits under Section 637, both cases also involved instances where an injured state policeman received temporary disability compensation for a period exceeding one year. In *Cunningham*, the Supreme Court noted that Section 637 "covers specified public employees engaged primarily in police work, firefighting, or other jobs involving public safety . . . to ensure that, if these employees were injured or otherwise disabled in the course of carrying out their hazardous duties, they would be guaranteed continued full income until their return to duty". *Id*. at 80, 507 A.2d at 43 (footnote and citation omitted). The Supreme Court indicated in *Palmeri* that disability payments pursuant to Section 637 should "be paid until the disability ends and the injured employee may return to work". *Id*. at 552, 499 A.2d at 282. Thus, although the instant matter involved a member of the City of Scranton police force, it is clear that Section 637 is to provide compensation for all policemen of any county, city, borough, town or township.

Lastly, Section 637 which was first enacted in 1935 provides temporary disability to police officers of *any* county, city, borough, town or township.[3] On the other hand, Section 631 which was first enacted in 1913 provides full disability compensation to *any* employee of a first or second class city.[4] It is provided in 1 Pa. C. S. §1936 (hereinafter Section 1936) that "[w]henever the provisions of two or more statutes enacted finally by dif-

---

[3] As first enacted, Section 637 excluded second class A cities but was subsequently amended to include second class A cities.

[4] Pursuant to the Act of June 25, 1895, P.L. 275, Section 2, *as amended*, 53 P.S. §102, cities of the second class A, unless otherwise provided by law, are governed by, and shall have all the powers, privileges, and prerogatives now provided by the laws of the Commonwealth regarding second class cities.

494

ferent General Assemblies are irreconcilable, the statute latest in date of final enactment shall prevail". Thus, pursuant to Section 1936, the statute latest in date of final enactment or Section 637 should prevail.

Accordingly, for the reasons set forth herein, we must sustain Appellant's argument. Therefore, the order of the Court of Common Pleas of Lackawanna County is reversed.

### ORDER IN 3158 C.D. 1985

AND NOW, this 14th day of August, the order of the Court of Common Pleas of Lackawanna County in regard to the above-captioned matter is hereby reversed.

### ORDER IN 3159 C.D. 1985

AND NOW, this 14th day of August, 1987, the order of the Court of Common Pleas of Lackawanna County in regard to the above-captioned matter is hereby reversed.