620 A.2d 575

**Bobby E. BUCHANAN, Petitioner,**

v.

**PENNSYLVANIA STATE POLICE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 15, 1992.

Decided Jan. 14, 1993.

James L. McAneny, for petitioner.

Michael S. Sherman, Asst. Counsel, for respondent.

Before DOYLE and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

PELLEGRINI, Judge.

Bobby E. Buchanan (Claimant) appeals from an adjudication and order of the Commissioner of the Pennsylvania State Police (Commissioner) denying his claim for benefits under

the Heart and Lung Act[1] for his disability resulting from the heart attack he suffered at his home on August 13, 1989.

Claimant is employed as a Pennsylvania State Trooper. During the early hours of August 13, 1989, while employed in that capacity, Claimant and his partner responded to five incidents, including a burglary in progress at a convenience store.[2] Claimant came off duty at 8:00 a.m. Claimant proceeded to buy a newspaper at another convenience store and have a few beers with friends at a local bar before arriving home around 10:00 a.m. Once at home, Claimant worked for a short period in his garden. At approximately 12:00 p.m. on that same day, Claimant suffered a heart attack while in his home. Claimant did not return to his position as a State Trooper until May 13, 1990, and was placed on limited duty status.

Claimant filed with the Pennsylvania State Police, Bureau of Personnel, a claim for disability benefits under the Heart and Lung Act alleging that he suffered a work-related heart attack which disabled him for the period of August 13, 1989, through May 13, 1990.[3] The claim was denied and Claimant appealed the denial by requesting an administrative hearing. At the hearing, the hearing examiner heard testimony from Claimant and accepted into evidence the depositions of medical expert Christopher Tobiasz, M.D., on behalf of the Pennsylvania State Police, and Karl J. Dienhart, M.D., Claimant's treating physician. Relying on Claimant's testimony as well as statements made by Dr. Tobiasz, the hearing examiner found that Claimant's heart attack and resulting disability were work-

1. Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. § 637(b). This Act is untitled, but is commonly referred to as the Heart and Lung Act.

2. The first incident involved a complaint of loud noise which was unfounded; the second incident, also unfounded, involved a complaint that there was going to be a party with underage drinking; the third incident involved an automobile accident; and the fourth incident involved serving a protection from abuse order. The fifth incident involved the burglary of a convenience store by a minor who was apprehended by Claimant and his partner.

3. Because the claim was not included in the record, we are unable to discern if Claimant alleged that his involvement with the apprehension of the burglar was the incident causing him to later suffer a heart attack.

related. The hearing examiner further found that because Claimant was able to return to his job and perform much of the same duties that he performed prior to his heart attack, the disability he suffered was of temporary nature. The hearing examiner then recommended to the Commissioner that Claimant be awarded full benefits under the Heart and Lung Act for the period he requested.

The Pennsylvania State Police filed an appeal to the Commissioner from the hearing examiner's recommended decision. On appeal, the Commissioner refused to accept the hearing examiner's recommendation because he determined that Claimant's heart attack was not sustained while performing his duties as a State Trooper. The Commissioner further determined that Claimant's disability was permanent in nature rather than temporary, as required by the Heart and Lung Act, because he had returned to work on a limited duty basis and the medical testimony indicated that he would never be able to perform all of the duties his job required. Claimant then filed this appeal.

Section 1 of the Heart and Lung Act, 53 P.S. § 637(b), provides in pertinent part the following:

> In the case of the State Police Force ... disease of the heart ... incurred ... *after four years of continuous service* as such, and caused by extreme overexertion in times of stress or danger ... *arising directly out of the employment* of any such member of the State Police Force ... shall be compensable in accordance with the terms hereof. (Emphasis added.)

Pursuant to Section 1 of the Heart and Lung Act, 53 P.S. § 637(a), compensation may only be paid for a resulting disability which is temporary in nature.

Claimant contends that the Commissioner initially erred by using the incorrect standard of proof in concluding that his heart attack was not compensable, because he erroneously determined he had to prove his heart attack occurred *while performing his duties*. Claimant argues that based on the language of Section 1 of the Heart and Lung Act, 53 P.S. § 637(b), the correct standard of proof which the Commission-

er should have used is the same as that used in workmen's compensation cases—whether the heart attack was *work-related.* Claimant further argues that the medical evidence presented supported the hearing examiner's finding that his disability resulting from his heart attack was work-related, and that his disability was temporary in nature.

The State Police, however, argue that in *Cunningham v. Pennsylvania State Police,* 510 Pa. 74, 507 A.2d 40 (1986), our Supreme Court stated, "The (Heart and Lung) Act was created to ensure that if these employees were injured or otherwise disabled *in the course of carrying out their hazardous duties,* they would be guaranteed continued full income until their return to duty." *Cunningham,* 510 Pa. at 77, 507 A.2d at 43. Relying on that language, the State Police argue that for a claimant to be entitled to benefits under the Heart and Lung Act, the claimant's heart attack must occur while he is actually performing his duties as a State Trooper. Because Claimant was not performing his duties when he suffered the heart attack at his home, he is not entitled to benefits.[4]

We first note that the *Cunningham* decision is limited to discussing the burden and standard of proof relative to determining whether an injury is of a temporary or permanent nature. The language pointed to in *Cunningham* by the State Police is used in a general sense and only serves to indicate the overall purpose of the Heart and Lung Act. Nowhere in *Cunningham* does our Supreme Court address or interpret the requirement in Section 1 of the Heart and Lung Act, 53 P.S. § 637(b), that the injury "arise directly out of the employ-

---

4. The State Police also argue that our Supreme Court reiterated this standard in *Crouse v. Department of General Services,* 529 Pa. 26, 601 A.2d 789 (1992). However, in *Crouse,* Section 1 of the Heart and Lung Act, 53 P.S. § 637(b), was not at issue. Rather, the case dealt with the death of a volunteer firefighter, and the Supreme Court was reviewing whether his widow was entitled to death benefits under Section 1 of the Act of June 24, 1976, P.L. 424, *as amended,* 53 P.S. § 891. That section provides in pertinent part:

In the event a firefighter is killed *in the performance of his duties,* such political subdivision within 30 days from the date of death shall submit certification of such death to the Commonwealth.

That section continues to provide in great detail which actions by a volunteer firefighter constitute "performance of his duties."

ment", to mean that a claimant must be injured while actually performing his job.

■ To the contrary, the plain language of Section 1 of the Heart and Lung Act, 53 P.S. § 637(b), reflects that there is no requirement that a state trooper's heart attack occur while he is actually performing his duties in order to be compensable. The statute only requires that the state trooper has served for four consecutive years, and the heart attack results from overexertion due to stress or danger *arising directly from his employment*.[5] This language corresponds to that in Section 301(c) of the Pennsylvania Workmen's Compensation Act,[6] providing compensation to a claimant whose injury, including a heart attack, arises in the course of his employment.[7] Consequently, Claimant need only establish that his heart attack was caused by his duties as a State Trooper.[8]

■ While both the Workmen's Compensation Act and the Heart and Lung Act require a claimant to show that his injury was caused by his work, there is a difference in the two Acts as to which party carries the burden of proof. Unlike a claimant seeking compensation under Section 301(c) of the Workmen's Compensation Act, an employee covered under the

5. Claimant testified that he had been employed as a State Trooper for the past twenty-four years, and the State Police did not argue otherwise.

6. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411(1).

7. Under this section, compensation will be paid to a claimant who suffers a heart attack while at home when the circumstances indicate that the heart attack arose as a result of claimant's employment. *See Krawchuk v. Philadelphia Electric Co.*, 497 Pa. 115, 439 A.2d 627 (1981).

8. Additionally, while the courts have not specifically stated that the standard in Heart and Lung Act cases should be the same as in workmen's compensation cases, this court, as well as our Supreme Court, has reviewed Heart and Lung Act cases based on whether the claimant's heart attack was work-related. *See Camaione v. Borough of Latrobe*, 523 Pa. 363, 567 A.2d 638 (1989); *cert. denied*, 498 U.S. 921, 111 S.Ct. 298, 112 L.Ed.2d 251 (1990); *City of DuBois v. Beers*, 120 Pa.Commonwealth Ct. 103, 547 A.2d 887 (1988); *Organ v. Pennsylvania State Police*, 112 Pa.Commonwealth Ct. 352, 535 A.2d 713 (1988); *Serge v. The City of Scranton*, 108 Pa.Commonwealth Ct. 488, 529 A.2d 1191 (1987); *petition for allowance of appeal denied*, 524 Pa. 636, 574 A.2d 76 (1989).

Heart and Lung Act is given the presumption that his heart attack is work-related if he has worked for four consecutive years in that position. As such, the initial burden is on the State Police to prove that Claimant's heart attack was not the result of stress or danger he encountered any time after four consecutive years of his employment as a State Trooper.

■ Although Claimant argues that the State Police did not meet this burden because the medical evidence presented supported the hearing examiner's finding that his heart attack was work-related, our review of the record indicates otherwise.[9] Neither Dr. Dienhart nor Dr. Tobiasz stated unequivocally that Claimant's heart attack was in any way related to his employment as a State Trooper after serving for four years, including the events occurring while on duty the night before his heart attack.

Dr. Dienhart was never asked if Claimant's heart attack was work-related and never provided testimony to that effect. The only testimony that Dr. Dienhart provided in that vein was that Claimant had suggested to him that his assistance in apprehending a burglar while on duty caused him some emotional distress which might have precipitated his heart attack. (Notes of Testimony at 85a.) Dr. Dienhart, however, never arrived at that conclusion and only testified: "It is possible that the patient did something strenuous or had an event which raised his blood pressure tremendously and it started to break up the plaque and bleed under it and then closed it within a short period of time (causing his heart attack).... It's also possible that it just clotted, you know, without any precipitating event. I mean I can't say; that's impossible to say." (Notes of Testimony at 79a.) Dr. Dienhart never stated that Claimant's employment at any time after four consecutive years of service, including the night before his heart attack, caused his heart attack.

9. We note that as in workmen's compensation cases, Heart and Lung Act cases also require unequivocal medical evidence to prove that a claimant's heart attack was work-related when there is no obvious causal connection. *City of DuBois.*

Dr. Tobiasz, on the other hand, stated in no uncertain terms that Claimant suffered from coronary artery disease which was genetic, and when directly asked whether he could state with any reasonable degree of medical certainty that Claimant's condition was caused by his work as a State Trooper, he responded, "I don't think so. No, I don't think that his condition was related to work as a physical—as a police officer." (Notes of Testimony at 54a.) Nowhere in Dr. Tobiasz's testimony can we find any indication that he believed Claimant's heart attack was in any way related to his job, and Claimant has failed to point us to any specific portions of his testimony.

Because the medical evidence does not support the hearing examiner's finding that Claimant's heart attack was work-related, the Commissioner correctly determined that Claimant was not entitled to benefits under the Heart and Lung Act. Consequently, we need not address the issue of whether his disability was temporary or permanent in nature.[10] Accordingly, the decision of the Commissioner is affirmed.

## ORDER

AND NOW, this 14th day of January, 1993, the order of the Commissioner of the Pennsylvania State Police, dated April 28, 1992, is affirmed.

---

10. Claimant also argues that he was denied due process because the hearing examiner's decision to grant him benefits was subject to review by the Commissioner which had appointed the hearing examiner to hear his claim. As such, Claimant argues he was not granted a fair trial before an impartial tribunal. However, because Claimant did not raise this issue before the Commissioner, it has not been preserved on appeal for our review. See Pa.R.A.P. 1551(a).