621 A.2d 1119

Wilmont G. ADAMS, Appellant,

v.

LAWRENCE TOWNSHIP BOARD OF SUPERVISORS; Donald B. Luzier, Chairman; ·George D. Clark, Supervisor; Daniel Duckett, Supervisor, Appellees.

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1991.

Decided Feb. 9, 1993.

F. Cortez Bell, III for appellant.

Carl A. Belin, Jr. for appellees.

Before DOYLE and McGINLEY, JJ., and LORD, Senior Judge.

DOYLE, Judge.

Wilmont G. Adams appeals an order of the Court of Common Pleas of Clearfield County dismissing his motion to compel the Lawrence Township Board of Supervisors (Township) to resume the payment of benefits under what is commonly known as the Heart and Lung Act, Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. § 637.

On August 24, 1986, Adams was injured in an automobile accident in the course of his employment as a police officer with the Lawrence Township Police Department and, thereafter, began to receive benefits under the Heart and Lung Act. The Township, however, unilaterally discontinued those benefits on November 18, 1987. Adams subsequently filed an equity action and motion for a preliminary injunction with the trial court seeking to require the Township to resume payment of his benefits. On April 12, 1988, the Township and Adams, through his counsel, agreed to a stipulation which *inter alia* stated:

Wilmont G. Adams is entitled to payments under the Heart and Lung Act from December 5, 1987, until July 27, 1988, at which time the Heart and Lung Act benefits shall be terminated.

The trial court approved the stipulation by order dated April 18, 1988, and also continued generally a local agency hearing restricted to the issues of sick pay, holiday pay, and vacation pay.[1] On August 15, 1988, Adams returned to full time employment with the police department, but shortly thereafter his condition allegedly recurred and he was unable to continue working.

Adams then filed with the trial court a "Motion for Reinstatement to Compel Payment of Heart and Lung Benefits" against the Township. He sought an order forcing the Township to pay him all past due Heart and Lung Act benefits and to continue such payments until he is determined to be permanently disabled. The trial court dismissed Adams's motion on the ground that he voluntarily agreed to terminate his benefits in the April 12, 1988 stipulation and, therefore, is not entitled to Heart and Lung Act benefits. This appeal followed.

Adams contends that the trial court erred in dismissing his motion because his Heart and Lung Act benefits were invalid-

---

1. On September 23, 1988, the trial court ordered a local agency hearing scheduled on the sick pay, vacation pay, and holiday pay issues, as well as, Heart and Lung Act benefits. Nothing in the record indicates that this hearing was ever held.

ly terminated without a due process hearing under Section 553 of the Local Agency Law (Law), 2 Pa.C.S. § 553.

There is no dispute over the basic principles of the underlying law. The Heart and Lung Act provides police officers and firefighters with full compensation when they are temporarily disabled as the result of work-related injuries. *Organ v. Pennsylvania State Police*, 112 Pa.Commonwealth Ct. 352, 535 A.2d 713 (1988). When a police officer has been injured on the job and is receiving Heart and Lung Act benefits, the injured police officer has a constitutionally protected property right in the Heart and Lung Act benefits and those benefits may not be unilaterally terminated without affording the police officer a due process hearing, *Callahan v. Pennsylvania State Police*, 494 Pa. 461, 431 A.2d 946 (1981); *Lopatic v. Swatara Township*, 133 Pa.Commonwealth Ct. 431, 575 A.2d 675 (1990), *petition for allowance of appeal denied*, 525 Pa. 665, 583 A.2d 794 (1990), and such a hearing may be held under Section 553 of the Law. *Id.*

In the instant case, while the Township originally terminated Adams's benefits without providing him a due process hearing, the record demonstrates that he later *voluntarily agreed*, in the April 12, 1988 stipulation, to allow the Township to terminate his benefits on July 27, 1988. No hearing was, therefore, necessary. While it is true that no adjudication of a local agency is valid unless the agency affords a party his or her due process rights of reasonable notice and an opportunity to be heard under Section 553 of the Law, due process does not prohibit the waiver of those rights. *Commonwealth v. Burke*, 175 Pa.Superior Ct. 128, 103 A.2d 476 (1954), *cert. denied sub nom. Firmstone v. Day*, 348 U.S. 844, 75 S.Ct. 66, 99 L.Ed. 665 (1954). It is clear from the record here that Adams, represented by counsel, voluntarily relinquished his right to be heard; therefore, we hold that the Township was not required to provide Adams a due process hearing on the issue of the termination of his benefits.

Nevertheless, Adams is entitled to a local agency hearing on the issue of whether his benefits should be reinstated

due to an alleged recurrence of his disability as distinguished from an automatic reinstatement of benefits. The burden of proof, in this instance, is on Adams as the party seeking to alter the status quo to demonstrate that his disability has in fact recurred and that his disability is temporary. *See York City School District v. Workmen's Compensation Appeal Board (Peyser)*, 136 Pa.Commonwealth Ct. 110, 582 A.2d 423 (1990); *see also O'Neill v. Metropolitan Life Insurance Co.*, 345 Pa. 232, 26 A.2d 898 (1942).[2] Hence, the Township must provide Adams with such a hearing for that purpose.

Accordingly, while we will affirm the trial court's order dismissing Adams's motion, insofar as Adams sought the automatic reinstatement of Heart and Lung Act benefits, we will also order the Township to provide Adams with a hearing under Section 553 of the Local Agency Law on the issue of whether his injury has recurred.

## ORDER

NOW, February 9, 1993, the order of the Court of Common Pleas of Clearfield County in the above-captioned matter is hereby affirmed, insofar as Adams sought the automatic reinstatement of Heart and Lung Act benefits. We further order the Township to provide Adams with a hearing under Section 553 of the Local Agency Law on the issue of whether his injury has recurred.

Jurisdiction relinquished.

This matter was argued before a panel consisting of DOYLE, McGINLEY, JJ., and BARBIERI, Senior Judge. Because of the conclusion of BARBIERI's, Senior Judge service, the case was submitted on briefs to LORD, Senior Judge, for his consideration as a member of the panel.

2. Adams requested this Court to order the Township to pay him benefits from July 27, 1988, to the present with the exception of the two weeks he worked in August 1988. Because Adams agreed to terminate his benefits as of July 27, 1988, he is not entitled to any benefits unless and until he demonstrates that his disability has recurred and that his disability is temporary.