632 A.2d 986

**Merrill D. BRANDT, Petitioner,**

v.

**PENNSYLVANIA STATE POLICE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1993.

Decided Oct. 13, 1993.

James L. McAneny, for petitioner.

Joanna N. Reynolds, Asst. Counsel, for respondent.

Before DOYLE and PELLEGRINI, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Trooper Merrill D. Brandt appeals from an adjudication of the Commissioner of the Pennsylvania State Police denying Brandt's claim for benefits under the Heart and Lung Act [1] (the Act). The Commissioner found Brandt to be permanently disabled and, therefore, ineligible for benefits. We reverse.

On September 17, 1975, Brandt was shot while attempting to serve an arrest warrant. He was disabled for approximately seven months. In 1976, Brandt's treating physician, A.C. Makdad, M.D., advised the state police that Brandt should be placed on limited duty, because situations which required Brandt to subdue or restrain a suspect could cause residual pellets in his body to dislodge and possibly result in a fatal injury.

Upon returning to work, Brandt was reassigned to Operator Revocations and Warrants. His duties included seizing licenses and registrations, serving traffic warrants and arrest warrants, and taking people into custody. After eighteen months he was assigned to Weight Detail, which involved arresting and taking into custody truckers whose loads were overweight. Brandt testified that he considered this to be hazardous duty, as truckers "always want to fight" and the fines can range as high as $4,000 to $10,000.

In 1977 or 1978, Brandt applied for and was appointed to a position in the Identification Division and has remained with that division for approximately fifteen years. The duties of an Identification Officer include photographing, processing and collecting evidence at a crime scene; supervising and protecting the crime scene; and fingerprinting and photographing deceased bodies to make identification.

In May, 1990, Brandt had surgery to correct pain caused by residual shotgun pellets, and missed approximately twenty

1. Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §§ 637, 638. The act is popularly called the Heart and Lung Act.

days of duty.[2] He returned to his position in the Identification Division, and filed a claim for benefits under the Act.

The State Police Director denied the claim on the grounds that Brandt's condition was of a permanent nature and it was unlikely that he would ever again be able to perform the full range of duties required of a state police officer. On appeal, the Commissioner affirmed the Director's decision and concurred with his reasoning.

The two issues presented to this Court[3] are 1) whether a trooper who returns to his position and resumes all of his assigned duties, but is unable to participate in duty which requires him to subdue suspects, meets the requirement of the Act that a disability be temporary, and 2) whether the Commissioner erred in placing the burden upon Brandt to prove that the recurrence of his disability was not permanent.

 The relevant portion of the Act states that "[a]ny member of the State Police Force . . . injured in performance of his duties . . . and by reason thereof is temporarily incapacitated from performing his duties, shall be paid . . . his full rate of salary . . . until the disability arising therefrom has ceased." Section 1 of the Act, 53 P.S. § 637(a). Additionally, Section 2 of the Act, 53 P.S. § 638, states that no such absence from duty shall be included in any period of allowed sick leave. The Act provides compensation only for persons who are temporarily incapacitated, and does not apply where disability is total or permanent. *Camaione v. Borough of Latrobe*, 523 Pa. 363, 567 A.2d 638 (1989), *cert. denied*, 498 U.S. 921, 111 S.Ct. 298, 112 L.Ed.2d 251 (1990).

**2.** As benefits under the Act were denied, the twenty days were deducted from Brandt's accrued sick leave. These sick days are of value as, having accumulated over 200 sick days, Brandt would have received payment for 50% of them upon retirement. Brandt is approaching retirement after approximately twenty-four years of service.

**3.** Our scope of review in an appeal from a final order of a Commonwealth agency is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

Dr. Makdad was deposed in 1991, and again restated his concern that functions exposing Brandt to combat have to be eliminated. The doctor provided annual letters, from 1986–1990, which stated that Brandt's disability was permanent. Despite those statements, the doctor emphasized during his deposition that Brandt is not disabled, but that he cannot perform the full range of duties required of a state police officer.

The Commissioner's position is that Brandt has been on limited duty; that as Brandt cannot perform the "combat" duties of police work, he cannot perform the "full range" of his required duties, and is, therefore, ineligible for benefits under the Act. Brandt argues that the "full range" of duties is neither defined by the state police nor required under the Act, which merely requires a return to "his duties" as proof that a disability is temporary.

In *Palmeri v. Commonwealth*, 508 Pa. 544, 499 A.2d 278 (1985), the Supreme Court stated:

> It is not necessary that an injured trooper recover so that he is able to perform every conceivable function that could possibly arise ... It is enough that his recovery enable him to perform the duties of a position that is regularly assigned to state policemen, even though the job be entirely sedentary.

*Id.* at 552–53, 499 A.2d at 282.

The court terminated Heart and Lung benefits in *Cunningham v. Commonwealth*, 510 Pa. 74, 507 A.2d 40 (1986), where the policeman's disability had persisted for 595 days, where there was evidence of permanent partial disability, and where there was no favorable prognosis that the officer would be able to return to work. The court noted that the Act was not intended to compensate an individual who "will never be able to substantially perform all the required duties of his or her job." *Id.* at 86, 507 A.2d at 46. In a footnote the court added that a claimant must demonstrate that he can "adequately assume those responsibilities expected of a state policeman". *Id.* at 87, n. 14, 507 A.2d at 47, n. 14.

The Commissioner incorrectly interprets *Cunningham* to mean that a trooper must prove he can perform *all* the responsibilities of a state police officer. When the court used the word "all" it was with regard to the duties of the police officer's job; the phrases "substantially perform" and "adequately assume" indicate that the court did not mean an officer must be capable of performing every possible function of police work.

The interpretation of the Act which best conforms to its legislative intent was noted by this Court in *Buchanan v. Pennsylvania State Police,* 152 Pa. Commonwealth Ct. 608, 620 A.2d 575, (1993), where a hearing officer found that "because [the officer] was able to return to his job and perform much of the same duties that he performed prior to his heart attack, the disability he suffered was of temporary nature." *Id.* at 610, 620 A.2d at 576. In *Buchanan* the question was whether the officer's disability was work related. But the language used by the court describing the procedural history of the case indicates the proper interpretation of the Act's requirement that disability be temporary.

The Commissioner erred by adopting Dr. Makdad's conclusion that Brandt cannot perform the full range of duties of a state police officer, as Dr. Makdad is not an expert as to what those duties may be, and the state police introduced no other evidence on that point. Furthermore, Brandt's uncontradicted testimony was that limited duty is generally known to mean a desk assignment; that in his last three positions none of his co-workers have been on limited duty; and that in the course of his present position—which he has held for approximately fifteen years—the likelihood of a need to subdue a suspect is slim.

The shooting left Brandt with residual pellets and, therefore, a permanent injury. However, we note the distinction between a permanent injury and a permanent disability. While Dr. Makdad's testimony is evidence of the former, Brandt's uncontested testimony and continued performance of

his duties demonstrate that his disability is temporary for purposes of the Act.

The Commissioner also erred in placing the burden upon Brandt to prove that his disability was temporary, disregarding the plain language in *Cunningham* that "... the burden of proof is on the employer to prove that the disability is permanent." *Id.* at 510 Pa. 81, 507 A.2d at 44.[4]

Accordingly, the order of the Commissioner denying benefits to Trooper Brandt is reversed.

## ORDER

NOW, October 13, 1993, the order of the Commissioner of the Pennsylvania State Police, dated December 24, 1992, is reversed.

---

4. *Adams v. Lawrence Township Board of Supervisors,* 153 Pa. Commonwealth Ct. 418, 621 A.2d 1119 (1993), cited by the Commissioner, is inapplicable to the facts of this case; in *Adams* the officer sought reinstatement of benefits after stipulating to termination.