David P. **VALENTIN**, Petitioner,

v.

**PENNSYLVANIA STATE POLICE,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 16, 1999.
Decided Aug. 31, 2000.

---

James L. McAneny, Harrisburg, for petitioner.

Christopher D. Carusone, Harrisburg, for respondent.

Before: DOYLE, President Judge, PELLEGRINI, J., and NARICK, Senior Judge.

DOYLE, President Judge.

David P. Valentin (Claimant) appeals from an order of the Commissioner of the Pennsylvania State Police (Commissioner), denying his claim for benefits under what is commonly referred to as the Heart and Lung Act (Act).[1] The facts underlying the appeal follow.

Claimant was a cadet at the Pennsylvania State Police (PSP) Academy training to become a State Police Trooper. His training at the Academy lasted six months during which time he lived at the Academy and was paid cadet wages. While at the Academy, Claimant suffered an injury to his lower back while engaged in a mandatory morning run, but subsequently graduated from the Academy on August 6, 1993.

On April 27, 1995, Claimant suffered a recurrence of his cadet injury while at home dressing for work. He missed approximately three months of work but returned to full duty as a PSP Trooper.

As a result of the injury, the Claimant requested benefits under the Act for his period of recovery pursuant to Section 1(a) of the Act, 53 P.S. § 637(a). On August 10, 1995, the PSP denied his claim on the grounds that: (a) the Claimant was not injured in the performance of his duties in April of 1995, which would preclude coverage under the Act for that incident, and, (b) benefits are not applicable to injuries incurred by a PSP cadet following our decision in *Duffy v. Pennsylvania State Police,* 701 A.2d 304 (Pa.Cmwlth.1997).

Claimant appealed this decision and, on November 25, 1998, an arbitrator denied his claim. On February 8, 1999, the Commissioner adopted the findings of the arbitrator, and this appeal followed.[2]

There is no dispute that Claimant was not injured in the performance of his duties in April of 1995, which the Act requires. Section 1 of the Act, 53 P.S. § 637(a). Therefore, on appeal, the Claimant raises only one issue: "Whether an active duty police officer who sustains a period of temporary disability as the result of the **recurrence** of an injury suffered during [his PSP] Academy training is entitled to Heart and Lung Act benefits." (Claimant's Brief, Section III.) (Emphasis added.) This is an issue of first impression.

In *Duffy,* the claimant was a cadet at the Academy and was injured while practicing for the obstacle course on his own

---

1. Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §§ 637–638. Section 1 of the Heart and Lung Act provides in part that: "[a]ny member of the State Police Force ... injured in the performance of his duties ... and by reason thereof is temporarily incapacitated from performing his duties, shall be paid ... his full rate of salary ... until the disability arising therefrom has ceased." 53 P.S. § 637(a).

2. Our standard of review of a decision of the Pennsylvania State Police Commissioner is limited to a determination of whether constitutional rights were violated, errors of law committed, or whether necessary findings of fact are supported by substantial evidence. *Brandt v. Pennsylvania State Police,* 159 Pa. Cmwlth. 66, 632 A.2d 986 (1993), *petition for allowance of appeal denied,* 537 Pa. 668, 644 A.2d 1204 (1994).

time. We held that a cadet at the PSP Academy was not a "member" of the state police for purposes of the Heart and Lung Act. We did not decide, however, the question of whether a *recurrence* of an Academy injury after a claimant *is* a member of the PSP should be covered by the Act.

In the present case, Claimant concedes, as he must, that injuries sustained during cadet training are not compensable under the Act because cadets are not members of the state police. *Duffy*. Claimant attempts to distinguish *Duffy*, however, because the claimant in *Duffy* was injured during a voluntary practice session and in the present case the original injury occurred during a mandatory run. But, for our purposes, the distinction has no relevance.

■ The question in *Duffy* was whether the claimant, as a cadet, was a member of the PSP, not whether the claimant was in the performance of his duties. Therefore, it does not matter whether the claimant was engaged in voluntary activity or mandatory activity when the injury occurred. The fact that claimant was not a member of the PSP when the injury occurred, by itself, precluded benefits under the Act.

■ Claimant suggests, however, that, for public policy reasons, coverage under the Act should be extended to mandatory training. Again, Claimant draws a distinction between mandatory and voluntary training. As noted above, the characterization of activities as mandatory or voluntary may well be relevant to a determination as to whether a trooper was injured in the performance of his duties, but it simply has no relevance to the determination of whether a claimant was a member of the PSP for purposes of the Act.

Claimant further argues that if there is a subsequent recurrence of an Academy injury, the status of the claimant, that is, whether he is or is not a member of the PSP, should be evaluated at the time of the recurrence and not at the time of the original injury. Claimant has cited no authority for this proposition, nor is there any. What Claimant is suggesting is a subsequent, but retroactive, reclassification of a PSP cadet for purposes of the Act so as to qualify him for benefits, despite our holding in *Duffy*. We decline to do so. Claimant's subsequent injury after he is a trooper must stand on its own.

■ We, therefore, hold that for purposes of evaluating a claim under the Heart and Lung Act, the status of the claimant must be evaluated at the time of the original injury, and not at the time of the recurrence of that original injury. Thus, a recurrence of an injury not originally compensable under the Act, is, likewise, not subsequently compensable.

Order affirmed.

## ORDER

NOW, August 31, 2000, the order of the Commissioner of the Pennsylvania State Police in the above-captioned matter is hereby affirmed.