**CITY OF ERIE, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (ANNUNZIATA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 8, 2002.

Decided June 4, 2002.

Richard E. Bordonaro, Erie, for petitioner.

Michael A. Agresti, Erie, for respondent.

BEFORE: COLINS, President Judge, and COHN, J., and MIRARCHI, Jr., Senior Judge.

OPINION BY Senior Judge MIRARCHI.

The City of Erie (City) appeals from an order of the Workers' Compensation Appeal Board (Board) that reversed the decision of the workers' compensation judge (WCJ) denying the claim petition filed by Jeffrey Annunziata (Claimant), the City police officer. The issues on appeal are: (1) whether Claimant is entitled to workers' compensation benefits for loss of earnings from his concurrent employment for the period of his disability caused by the injury sustained while performing the duties of his primary employment, in addition to benefits received pursuant to Section 1(a) of the Act of June 28, 1935, P.L. 477, *as amended,* commonly known as the Heart and Lung Act, 53 P.S. § 637(a); and (2) if so, whether the City may set off Claimant's benefits for loss of earnings from his concurrent employment against the full salary of the primary employment paid pursuant to the Heart and Lung Act.

The relevant facts are undisputed in this matter. Claimant sustained a fracture of his right tibial plateau on April 22, 1998 while performing his duties as the City police officer, when his motorcycle was struck by a vehicle. At the time of the injury, Claimant was also employed by Holiday Inn Downtown (Holiday Inn) as a part-time security guard and by Great Lakes Armored, Inc. (Great Lakes) as a part-time automatic teller machine maintenance person. Following the injury, the City issued a notice of compensation pay-

able accepting its liability for workers' compensation benefits. The City further stated in the notice that Claimant would continue to receive his full salary in lieu of workers' compensation. As a self-insured employer, the City was responsible for paying workers' compensation benefits from its own fund.

The City thereafter began paying Claimant his full weekly salary of $777.81 without deduction of taxes, as mandated by Section 1(a) of the Heart and Lung Act, which provides in relevant part:

[A]ny policeman ... of any county, city, borough, town or township, who is injured in the performance of his duties ... and by reason thereof is temporarily incapacitated from performing his duties, shall be paid ... by the county, township or municipality, by which he is employed, his full rate of salary, as fixed by ordinance or resolution, until the disability arising therefrom has ceased. All medical and hospital bills, incurred in connection with any such injury, shall be paid ... by such county, township or municipality.

Upon receiving the record of Claimant's wages earned from his concurrent employment with Holiday Inn and Great Lakes, the City subsequently revised the notice of compensation payable to recalculate his average weekly wage and workers' compensation benefits based on the wages he earned from the primary and concurrent employment. Claimant's recalculated average weekly wage was $988.37, which entitled him to receive weekly wage loss benefits of $561. On August 5, 1998, Claimant returned to his pre-injury police officer position and concurrent positions without loss of earnings. Claimant's workers' compensation benefits were then suspended pursuant to a supplemental agreement dated August 12, 1998.

On November 4, 1999, Claimant filed the claim petition against the City seeking workers' compensation benefits for loss of earnings from the concurrent employment with Holiday Inn and Great Lakes for the period of his disability from April 22 to August 5, 1998. The City in its answer denied its obligation to pay Claimant workers' compensation benefits, asserting that it had already paid him his full weekly salary of $777.81 during the same period of his temporary disability pursuant to the Heart and Lung Act, which is more than his weekly workers' compensation rate of $561 calculated based on the average weekly wages of the primary and concurrent employment.

■ Agreeing with the City's position, the WCJ denied Claimant's claim petition. On appeal, the Board reversed the WCJ's decision. The Board concluded that Claimant is permitted to simultaneously receive benefits under the Heart and Lung Act and the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2626, and that Claimant was not required to reimburse the City for benefits to be received under the Workers' Compensation Act for his loss of earnings from the concurrent employment.[1]

The City contends that Claimant was precluded from receiving benefits for loss of earnings from the concurrent employment under the Workers' Compensation Act after receiving his full salary from the City for the same period of disability under the Heart and Lung Act, and that even if he is entitled to workers' compensation benefits, he was required to turn over the amount of such benefits to the City pursuant to Section 1(a) of the Heart and Lung Act, which further provides in relevant part:

During the time salary for temporary incapacity shall be paid ... by the county, city, borough, town or township, *any workmen's compensation* received or collected by any such employe for such period, shall be turned over ... to such county, city, borough, town or township, and paid into the treasury thereof, and if such payment shall not be so made by the employe the amount so due ... the county, city, borough, town or township shall be deducted from any salary then or thereafter becoming due and owing. (Emphasis added.)

The City asserts that the term "any" workers' compensation in Section 1(a) should be construed to require the claimant to turn over benefits for loss of earnings from not only the primary employment but also the concurrent employment.

The purpose of statutory construction is to ascertain and effectuate the intention of the Legislature. Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1921(a). Because statutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same class of persons or things, they must be construed together as one statute, if possible. Section 1932 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1932; *Fairview Township v. Fairview Township Police Ass'n,* 795 A.2d 463 (Pa.Cmwlth. 2002).

To resolve the issues raised by the City, it is therefore necessary to examine the legislative objectives of the Heart and Lung Act and the Workers' Compensation

---

1. This Court's scope of review in a workers' compensation case is limited to determining whether the WCJ's necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa.Cmwlth.436, 550 A.2d 1364 (1988).

Act and the compensation scheme set forth therein.

■ The Heart and Lung Act was enacted to provide limited classes of public safety personnel with full compensation during a period of temporary disability due to an injury sustained while performing job duties. *City of Pittsburgh v. Workers' Compensation Appeal Board (Wiefling)*, 790 A.2d 1062 (Pa.Cmwlth.2001). The Heart and Lung Act, however, is not a compensation statute in a broad sense because the primary consideration in enacting the Act was the best interest of the municipalities, not the disabled employees. *Iben v. Borough of Monaca*, 158 Pa.Super. 46, 43 A.2d 425 (1945). As the Court stated in *Iben*:

> Efficient firemen and police officers must take chances; the performance of their duties are hazardous. The prospect of uninterrupted income during periods of disability well may attract qualified persons to those vocations and proper medical attention assures a reasonably speedy return of a temporarily disabled policemen and firemen to service essential to the community.

*Id.* at 427.

■ To achieve such statutory goal, the Heart and Lung Act generously awards a full salary to injured workers during their temporary disability. *Brandt v. Pennsylvania State Police*, 159 Pa. Cmwlth. 66, 632 A.2d 986 (1993), *appeal denied*, 537 Pa. 668, 644 A.2d 1204 (1994). In addition, the period of the injured employee's allowed sick leave is not reduced by the period of absence due to the injury. Section 2 of the Heart and Lung Act, 53 P.S. § 638. Finally, the disabled employees receiving benefits under the Heart and Lung Act may still pursue further remedies under common law. *Iben*.

■ In contrast, the Workers' Compensation Act was enacted to achieve a different legislative objective of serving the humanitarian purposes for injured employees. *Griffin v. Pennsylvania Board of Probation & Parole*, 756 A.2d 1203 (Pa. Cmwlth.2000), *appeal denied*, 566 Pa. 652, 781 A.2d 149 (2001). The Act substitutes a method of accident insurance in place of rights and liabilities of the injured employees under common law. *Colyer v. Pennsylvania State Police*, 165 Pa.Cmwlth. 41, 644 A.2d 230 (1994).

■ Unlike the Heart and Lung Act mandating payment of benefits only for the period of temporary disability, the Workers' Compensation Act provides for benefits whether the disability is temporary or permanent. *Griffin*. Moreover, the Workers' Compensation Act grants more extensive benefits than the Heart and Lung Act, such as earning loss benefits for total and partial disability, specific loss benefits, death benefits, medical benefits, and minor's benefits. *Colyer*. However, the weekly compensation rate for loss of earnings is two thirds of the average weekly wage, not the full salary as in the Heart and Lung Act. Section 306(a) of the Workers' Compensation Act, 77 P.S. § 511. Finally, the Workers' Compensation Act must be liberally construed to effectuate its humanitarian objective, unlike the Heart and Lung Act which is strictly construed. *U.S. Airways v. Workers' Compensation Appeal Board (Dixon)*, 764 A.2d 635 (Pa.Cmwlth.2000), *appeal denied*, 567 Pa. 753, 788 A.2d 382 (2001); *McCommons v. Pennsylvania State Police*, 165 Pa.Cmwlth. 280, 645 A.2d 333 (1994), *appeal denied*, 539 Pa. 671, 652 A.2d 841 (1994).

■ Our review of the Heart and Lung Act and the Workers' Compensation Act amply demonstrates that the compensation programs and the employers' obli-

gations under the two statutes are separate and conceptually different. Contrary to the City's assertion, the employer's obligation to pay benefits under the Heart and Lung Act is *concurrent with,* not in lieu of, its obligation to pay workers' compensation benefits for the work injury.[2] Section 1(a) of the Heart and Lung Act itself recognizes the employers' obligations to pay workers' compensation benefits in addition to benefits under the Heart and Lung Act by allowing the employers to set off workers' compensation benefits against the full salary paid during the claimant's temporary disability. However, the employers' continuing *obligations* to pay workers' compensation benefits for the work injury are not affected by their right to subsequently set off such benefits against benefits paid under the Heart and Lung Act.

■ Section 309(e) of the Workers' Compensation Act, 77 P.S. § 582(e), provides that "[w]here the employe is working under the concurrent contracts with two or more employers, his wages from all such employers shall be considered as if earned from the employer liable for compensation." Under Section 309(e), therefore, Claimant's wages from his concurrent employment with Holiday Inn and Great Lakes must be included in calculating his average weekly wage and wage loss bene-·fits. *Best v. Workmen's Compensation Appeal Board (Nursefinders of Allentown),* 668 A.2d 279 (Pa.Cmwlth.1995).[3] In this matter, the City accepted its liability for Claimant's benefits for loss of earnings from the concurrent employment in the revised notice of compensation payable by including the wages from that employment in calculating his average weekly wage. Hence, the City's contention that it had no obligation to pay Claimant benefits for loss of earnings from the concurrent employment is without merit.

■ We also reject the City's contention that even if Claimant is entitled to additional benefits for loss of earnings from the concurrent employment under the Workers' Compensation Act, he must reimburse the amount of those benefits to the City under Section 1(a) of the Heart and Lung Act requiring the claimant to turn over "any" workers' compensation.

■ The ultimate goal of workers' compensation program is to make the injured employees whole. *O'Brien v. Workers' Compensation Appeal Board (City of Philadelphia),* 780 A.2d 829 (Pa.Cmwlth. 2001). The reason for inclusion of the concurrent wages in computing wage loss benefits is "to create a reasonable picture of a claimant's pre-injury earning experience for use as a projection of potential future wages and, correspondingly, earnings loss." *Triangle Building Center v. Workers' Compensation Appeal Board (Linch),* 560 Pa. 540, 548, 746 A.2d 1108, 1112 (2000).

As the Pennsylvania Supreme Court further explained in *Triangle Building:*

> The mechanics of the legislative scheme demonstrates the General Assembly's intention that the baseline figure from which benefits are calculated should reasonably reflect the economic reality of a claimant's recent pre-injury earning experience, with some benefit of doubt to be afforded to the claimant in

**2.** The workers' compensation authorities do not have jurisdiction over the claims arising under the Heart and Lung Act. *Wisniewski v. Workmen's Compensation Appeal Board (City of Pittsburgh),* 153 Pa.Cmwlth.403, 621 A.2d 1111 (1993).

**3.** The average wages of the primary employment and the concurrent employment are calculated separately and then added together to determine the average weekly wage. *Best.*

the assessment. The Legislature ameliorated potential unfairness that might otherwise accrue to employers in this assessment by adjusting the 'look back' according to the nature of the employment, ...; by employing a substantial percentage-based reduction of the average weekly wages in the resulting calculation of actual benefits, ...; and in the underlying trade-off between loss spreading and insulation of employers from tort liability inherent in the workers' compensation system.

*Id.* (citations omitted).

To construe the term "any" workers' compensation in Section 1(a) to include benefits for loss of earnings from the concurrent employment and require the claimant to reimburse such benefits to the employer would result in ignoring the mandate of Section 309(e) of the Workers' Compensation Act that the wages from the concurrent employment be included in computing wage loss benefits. Under such construction of Section 1(a), the claimant would be inequitably deprived of the compensation for wages that would have been earned had he or she not sustained the work injury while performing the duties of the primary employment.

The mere fact that the City already paid Claimant the full weekly salary of $771.81, more than the weekly workers' compensation rate of $561, does not compel a different conclusion. As the self-insured employer, the City "would hardly reimburse itself for that portion of Claimant's benefits that represented benefits under the Work[ers'] Compensation Act." *Wisniewski v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 153 Pa. Cmwlth.403, 621 A.2d 1111, 1113 (1993).

We conclude, therefore, that the claimant's obligation to reimburse, and the employer's right to set off, workers' compensation benefits apply only to benefits for loss of earnings from the primary employment for which the primary employer has paid the full salary as required by Section 1(a) of the Heart and Lung Act, not to benefits for loss of earnings from the concurrent employment. Because the Board correctly concluded that Claimant is entitled to benefits for his loss of earnings from the concurrent employment and that the City is not allowed to set off such benefits from the benefits paid under the Heart and Lung Act, the order of the Board is affirmed.

Claimant alleges that the average weekly wage from his employment with Holiday Inn and Great Lakes during his temporary disability from April 22 to August 5, 1998 was $240.51 with the total wage loss benefits of $2401.88 (15 weeks × $240.51 × 0.666). Although the record contains the statements of wages of the concurrent employment, the WCJ did not calculate Claimant's average weekly wage from the concurrent employment and the resulting amount of wage loss benefits to be awarded because of the denial of the claim petition. Accordingly, this matter should be remanded to the WCJ for the purpose of calculating Claimant's benefits for loss of earnings from the concurrent employment.

*ORDER*

AND NOW, this 4th day of June, 2002, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed. This matter is remanded to the Board for further remand to the workers' compensation judge to calculate benefits to be awarded to Jeffrey Annunziata for loss of earnings from his concurrent employment.

Jurisdiction relinquished.