Dr. Peter B. Feddish, Appellant, *v.* Commonwealth of Pennsylvania, State Board of Chiropractic Examiners, Appellee.

Argued February 4, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*James S. Palermo,* for appellant.

*Lawrence Alexander,* Assistant Attorney General, with him *David Shotel,* Chief Counsel, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, April 5, 1974:

This is an appeal by Dr. Peter B. Feddish (Feddish) from an adjudication and order of the State Board of Chiropractic Examiners (Board) which suspended his license to practice chiropractic for a period of six months. A supersedeas was granted at the time this appeal was filed.

We can briefly state the procedural background of this case. Feddish, a duly licensed chiropractor, re-

ceived proper notice of hearing and a copy of a citation from the Board charging him with alleged misconduct in carrying on his profession. A hearing was held before the Board on February 22, 1973. Although the notice of hearing advised Feddish, *inter alia,* of his right to counsel, he appeared without counsel and conducted his own defense. The Board never advised Feddish of his right to file a brief prior to adjudication, and he did not file one. On April 24, 1973, the Board entered its adjudication and order. Feddish then contacted an attorney who requested a rehearing and the right to file a brief. This request was denied by the Board and this appeal then followed.

Feddish now argues that he was denied due process of law because he was not afforded the opportunity to file a brief with the Board *prior* to adjudication. This argument is based on Section 33 of the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, 71 P.S. §1710.33, which provides "All parties shall be afforded opportunity to submit briefs *prior* to adjudication. Oral argument upon substantial issues may be heard by the agency." (Emphasis added.)

The flaw in Feddish's argument is that his right to file a brief has never been questioned. Indeed, since he admittedly never asked to file a brief prior to the Board's adjudication, the narrow issue here is whether or not he waived this right by failing to make a specific request.

Unfortunately for Feddish, this issue has been resolved by prior decisions of this Court holding that the right to file a brief under Section 33 of the Administrative Agency Law is waived unless specifically requested.

Our recent decision in *Sharp's Convalescent Home v. Department of Public Welfare,* 7 Pa. Commonwealth Ct. 623, 300 A. 2d 909 (1973), contains a thorough discussion of the cases dealing with this issue. There-

fore, another extended discussion at this time is not necessary. We conclude that Feddish's attempts to distinguish *Sharp's Convalescent Home v. Department of Public Welfare, supra,* from the present case are without merit. We also conclude that the case of *Bengal and Youngwood Pharmacy v. State Board of Pharmacy,* 2 Pa. Commonwealth Ct. 347, 279 A. 2d 374 (1971), relied on by Feddish, presents a fact situation which is distinguishable from the present case. In *Bengal,* unlike here, the Board was informed prior to its adjudication that the licensee desired to file a brief.

In conclusion, we hold that Feddish cannot now complain that he was not afforded an opportunity to file a brief when he neither requested the opportunity to do so nor indicated any such desire even by intimation prior to the Board's adjudication of his case.

## ORDER

AND NOW, this 5th day of April, 1974, the adjudication and order of the State Board of Chiropractic Examiners, dated April 24, 1973, is hereby affirmed.