David S. Swartley, Appellant *v.* The Norristown Area School District, Appellee.

Argued April 7, 1980, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

Richard W. Rogers, of Rogers, King & Cole, for appellant.

Thomas C. Lowery, with him Philip R. Detwiler and Maerz, Bresnan & Detwiler, for appellee.

OPINION BY JUDGE WILKINSON, JR., May 2, 1980:

Appellant brings this appeal to challenge the propriety of his dismissal by the Norristown Area School District (District). The Court of Common Pleas of Montgomery County sustained the District's preliminary objection in the nature of a demurrer to appellant's Local Agency Law[1] appeal. We reverse.

Appellant received a letter from the principal of Norristown Area High School dated April 12, 1978 informing him that as of April 14, 1978 his employment as Assistant Facilities Manager at the high school was suspended without pay. The letter also indicated that a recommendation would be made to the Board of School Directors (board) for termination of appel-

---

[1] Act of December 2, 1968, P.L. 1133, formerly 53 P.S. §11301 et seq., repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1429]. Similar provisions are now found at 2 Pa. C.S. §§551-555, 751-754.

lant's employment because of insubordination.[2] No further communication from the District was received by appellant until a letter dated April 25, 1978 from the Director of Personnel advising appellant the board had acted to terminate his employment effective April 14, 1978. Appellant promptly filed his appeal to the court of common pleas on April 28, 1978.

Section 514 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §5-514 provides the non-professional school employee, such as appellant, with certain limited protection from dismissal. Specifically Section 514 provides that

> [t]he board of school directors . . . shall after due notice, giving the reasons therefor, and after hearing if demanded, have the right at any time to remove any of its officers, employes, or appointees for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct.

The common pleas court sustained the District's preliminary objection because of appellant's failure to demand a hearing. The court erred in focusing on this aspect of Section 514 for it is apparent that before any opportunity to request a hearing can arise there must be proper notice of school board action.

The April 12, 1978 letter from the high school principal, which the District argues constituted due notice, opened with the following paragraph:

> This letter is to inform you that as of Friday, April 14, 1978 your employment, as Assistant Facilities Manager at the Norristown Area

---

[2] The letter, in four numbered paragraphs, went into the details of appellant's behavior which the principal deemed inappropriate and which formed the basis of his recommendation to the board.

High School is suspended without pay and *a recommendation will be made* to the Board of School Directors for termination of your employment because of insubordination. (Emphasis added.)

In determining whether the District has complied with the requirements of the law it is important to note that "the procedure indicated . . . is mandatory and the failure of the board to comply with that provision of the school law[3] nullifie[s] their action." *Hetkowski v. Dickson City School District,* 141 Pa. Superior Ct. 526, 529, 15 A.2d 470, 471 (1940).

While there is no doubt that the principal's letter contained adequate detail regarding appellant's questioned conduct, it simply did not constitute notice of school board action. Indeed it did not purport to be from the school board. The principal's letter was no more than notice of prospective action on *his* part, "a recommendation will be made." Under these circumstances, appellant was not placed on notice from the board of board action or of impending board action for which he might request a hearing; the board might as easily have decided to reject the principal's recommendation and take no action against appellant.

Accordingly, we will enter the following

### Order

And Now, May 2, 1980, the order of the Court of Common Pleas of Montgomery County at No. 78-6905, dated January 11, 1979, dismissing the appeal of David S. Swartley from his termination as a nonprofessional employee of the Norristown Area School District is vacated, and the record is remanded to the common pleas court with directions that that court

---

[3] The Superior Court was here dealing with Section 406 of the Act of May 18, 1911, P.L. 309 which is materially the same as Section 514 of the current Code.

remand to the Norristown Area School District Board of School Directors for action consistent with the requirements of Section 514 of the Public School Code of 1949.