554 A.2d 179

Anthony J. Pivirotto, Petitioner *v.* Commonwealth of Pennsylvania, State Real Estate Commission, Respondent.

Argued October 4, 1988, before Judges DOYLE, COLLINS and PALLADINO, sitting as a panel of three.

*James E. McLaughlin*, for petitioner.

*Steven Wennberg*, Assistant Counsel, with him, *Joyce McKeever*, Chief Counsel, and *Velma A. Boozer*, Chief Counsel, Department of State, for respondent.

OPINION BY JUDGE COLINS, February 16, 1989:

Anthony J. Pivirotto (petitioner) petitions for review of an order of the State Real Estate Commission (Commission) which revoked petitioner's real estate broker's and real estate salesperson's licenses.[1] We affirm.[2]

In September of 1984, petitioner and a co-defendant were indicted for mail fraud in the United States District Court for the Western District of Pennsylvania (District Court). This indictment charged petitioner and his business partner with utilizing the United States mails from August, 1973, until June, 1980, in order to defraud investors of Safeguard Investment Co. (Safeguard), a residential mortgage loan company, of which petitioner was President and a stockholder. The indictment charged

---

[1] Petitioner had an active real estate broker's license and an inactive real estate salesperson's license, both issued by the Commission, at all times relevant to this appeal.

[2] Our scope of review is limited to a determination of whether the Commission committed an abuse of discretion, error of law, or made findings of fact which are not supported by substantial evidence. *Shenk v. State Real Estate Commission*, 107 Pa. Commonwealth Ct. 48, 527 A.2d 629 (1987).

further that subsequent to Safeguard's filing of a bankruptcy petition in April, 1980, the two men caused it to incur additional debts and also effected the transfer of its assets to themselves.

On April 12, 1985, petitioner pled nolo contendere to thirty-four counts of mail fraud and one count of bankruptcy fraud in District Court. On December 16, 1985, the Commission issued an Administrative Complaint and Order to Show Cause why petitioner's licenses should not be suspended or revoked. This complaint charged that petitioner's plea of nolo contendere established his violation of Section 604(a)(14) of the Real Estate Licensing and Registration Act (Licensing Act), Act of February 19, 1980, P.L. 15, *as amended,* 63 P.S. §455.604(a)(14).[3] The Commission's complaint also charged that because petitioner had been convicted of a felony, his licenses were subject to suspension or revocation pursuant to Section 9124(c)(1) of the Criminal History Record Information Act, 18 Pa. C. S. §9124(c)(1).

A formal evidentiary hearing was held on February 27, 1986, before Commission Hearing Examiner Alfred Pelaez and Daniel K. Lamb, a member of the Commission. Petitioner was not in attendance due to his incarceration in a federal correctional facility in the State of Indiana. However, petitioner's counsel did present, as mitigating evidence, the testimony of six character witnesses on behalf of petitioner. The hearing was continued to allow petitioner the opportunity to obtain a prison furlough and testify before the Commission.

By letter dated July 18, 1986, petitioner's counsel indicated that by agreement of counsel, petitioner was

---

[3] Section 604(a)(14) of the Licensing Act authorizes the Commission to take disciplinary action against any licensee who is convicted of or pleads guilty or nolo contendere to, forgery, embezzlement, obtaining money under false pretenses, bribery, larceny, extortion, conspiracy to defraud, or "any similar offense", or "any felony".

submitting a written statement in lieu of testifying before the Commission, as the federal authorities refused to furlough him. The Commission prosecutor in a letter dated July 31, 1986, notified the Hearing Examiner that with the submission of petitioner's statement, he considered the case ready for adjudication.

On August 13, 1986, the Hearing Examiner issued his proposed report recommending the revocation of petitioner's real estate licenses. The Hearing Examiner did not establish a briefing schedule prior to issuing this report. Petitioner filed a brief on exceptions and the Commission prosecutor filed a brief in opposition. On December 9, 1987, the Commission adopted the recommendations of the Hearing Examiner and issued an Adjudication and Order revoking petitioner's licenses. A timely Petition for Review and Application for Stay Pending Review were filed with this Court.[4]

Petitioner first contends that pursuant to 1 Pa. Code §35.191 the Hearing Examiner had a mandatory duty to establish a briefing schedule prior to issuing his proposed report and that the Commission's conclusion that petitioner had waived his right to file a brief was not based upon substantial evidence. We disagree.

In a proceeding in which briefs are to be filed, the presiding officer shall establish the filing deadline and the order of filing of briefs unless the parties and the presiding officer agree that such duty may be waived. 1 Pa. Code §35.191. Contrary to petitioner's assertions, this language does not mandate that the presiding officer take affirmative action in directing that briefs be filed. Such a construction is not in accord with prior decisions of this Court.

In *Feddish v. State Board of Chiropractic Examiners*, 13 Pa. Commonwealth Ct. 43, 317 A.2d 899 (1974), this

---

[4] On January 8, 1988, this Court denied the Application for Stay.

Court held that where a party neither requests the opportunity to file a brief nor indicated any such desire even by intimation prior to an agency's adjudication of his case, he has waived the opportunity to file a brief. *See also Sharp's Convalescent Home v. Department of Public Welfare*, 7 Pa. Commonwealth Ct. 623, 300 A.2d 909 (1973); *Klink v. Unemployment Compensation Board of Review*, 5 Pa. Commonwealth Ct. 62, 289 A.2d 494 (1972).

Petitioner cites Section 506 of the Administrative Agency Law, 2 Pa. C. S. §506, which mandates that each party shall be afforded the opportunity to file a brief and that a denial of the right to file a brief is in violation of due process of law. However, no one has questioned petitioner's right to file a brief in this matter. Instead, the Commission held that petitioner waived his right to file a brief by his failure to ever request the opportunity to do so.

The Notice of Rights appended to the Administrative Complaint and Order to Show Cause advised petitioner of his need to affirmatively indicate his desire to file a brief on the record at the administrative hearing. That notice reads: "BRIEFS MAY BE FILED PROVIDED THAT THE RESPONDENT INDICATES HIS DESIRE TO DO SO ON THE RECORD AT THE HEARING." Petitioner's counsel never requested the opportunity to file a brief at the formal hearing, in his letter of July 18, 1986, to the Hearing Examiner submitting petitioner's written statement, or after receiving a copy of the Commission prosecutor's letter to the Hearing Examiner stating that he considered the matter ready for adjudication. Accordingly, we hold that petitioner waived his right to file a brief before the Hearing Examiner.

Finally, petitioner alleges that the Commission's revocation of his licenses constituted an abuse of discretion.

Petitioner submits that the Commission did not consider the mitigating circumstances which would, according to him, compel the imposition of a sanction no greater than a suspension. However, the weight that the Commission assigns to evidence offered to mitigate the severity of the penalty is a matter within its discretion. *See Shenk.* Absent a clearly unreasonable exercise of judgment, we cannot substitute our discretion for that of the Commission which is endowed with the expertise in matters subject to its jurisdiction. *See Pastorius v. State Real Estate Commission,* 77 Pa. Commonwealth Ct. 642, 645, 466 A.2d 780, 781 (1983).

The Commission's findings and conclusions of law are fully supported by the record. The Commission stated in its decision:

> The Commission is not persuaded by [petitioner's] explanation that the transfer of Safeguard's funds to businesses operated by him and [his co-defendant] were made in good faith without an intent to defraud Safeguard's investors. The Commission agrees with Hearing Examiner Pelaez's determination in his proposed Report of the seriousness of [petitioner's] crimes—which involved the misuse of funds entrusted to him by investors and which resulted in great financial loss to those investors—outweighed any considerations of leniency based on [petitioner's] cooperation with the bankruptcy trustee and the character recommendations of his colleagues. The Commission also agrees with Hearing Examiner Pelaez's observation that [petitioner's] crimes have a direct bearing on his fitness to carry out his fiduciary role as broker or salesperson. The Commission is not convinced that [petitioner] possesses such fitness. The Commission therefore

feels constrained to impose the penalty of revocation.

Clearly, the Commission considered all of the evidence, including the mitigating evidence of petitioner's good reputation among his colleagues. No abuse of discretion has been shown. Accordingly, the decision of the Commission will be affirmed.

ORDER

AND NOW, this 16th day of February, 1989, the order of the State Real Estate Commission in the above-captioned matter is affirmed.