John W. LEWIS, Jr., Appellant,

v.

SCHOOL DISTRICT OF PHILADEL-PHIA and Board of Education of The School District of Philadelphia.

John W. LEWIS, Jr.

v.

SCHOOL DISTRICT OF PHILADELPHIA, Appellant.

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 1997.

Decided March 5, 1997.

Albert L. Becker, Warminster, for appellant.

Andrew M. Rosen, Philadelphia, for appellee.

Before FRIEDMAN and LEADBETTER, JJ., and LORD, Senior Judge.

## OPINION

LEADBETTER, Judge.

These are consolidated appeals from an interlocutory order of the Court of Common Pleas of Philadelphia County which directed the Philadelphia Board of Education (the Board) to provide a hearing regarding John W. Lewis' dismissal from employment.[1] The trial court held that the Board violated the due process requirements of the Public School Code of 1949[2] and/or the Local Agency Law[3] by designating a Board hearing officer to conduct a hearing and by adopting the findings of fact and conclusions of law of the Board's hearing officer without also granting Lewis a hearing before the Board itself. For the reasons that follow, we vacate the order of the trial court.

1. Lewis appeals the Board's order arguing that a remand order alone did not constitute an adequate remedy at law or in equity. The Board also appeals the lower court's order arguing that the Board should not be required to hold a hearing because the Board has already fully comported with the statutory due process dictates.

2. Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1–101—27–2702.

3. 2 Pa.C.S. §§ 551—555, 751—754.

4. The recommendation was based on Lewis' unauthorized absences, failure to properly secure the building, falsification of attendance records, lack of performance, sleeping while on duty, and other improper conduct constituting just cause for dismissal.

Lewis was discharged from his employment as a custodian with the School District of Philadelphia (the District) on January 18, 1991. Prior to the discharge, the District held disciplinary hearings for Lewis on September 11, 1990, and on November 27, 1990. Based on the evidence presented at these hearings, both of the District's hearing officers recommended Lewis' dismissal.[4]

The District's Executive Assistant for Human Resources notified Lewis by letter dated January 8, 1991, that she was recommending his termination to the Board effective January 18, 1991. On January 18, 1991, Lewis' last day of work, he timely appealed his dismissal and requested a hearing before the Board's hearing officer. After numerous delays,[5] on June 13, 1994, a hearing was held before the Board's hearing officer, who opined that the recommended termination of Lewis was for just cause in accordance with Section 514 of the Public School Code.[6] On September 12, 1994, the Board adopted the decision of the Board's hearing officer and voted to dismiss Lewis effective January 18, 1991.[7]

Lewis appealed this decision to the court of common pleas contending, in part, that the Board had deprived him of an opportunity to challenge the hearing officer's recommendation in violation of Section 553 of the Local Agency Law.[8] *John W. Lewis, Jr. v. School Dist. of Phila.* (No. 9504–0180, filed June 28, 1996), slip op. at 2. The trial court agreed, remanding the appeal to the Board with instructions to hold an additional hearing. The trial court reasoned that the Board, as the

5. While we express concern over the time lapse between Lewis' appeal and his ultimate hearing, the record reflects that counsel for both Lewis and the District contributed to the delay.

6. 24 P.S. § 5–514.

7. For reasons unknown to this court, the Board failed to notify Lewis of its decision. On January 13, 1995, Lewis began a mandamus action in the court of common pleas, seeking reinstatement and back pay. Shortly thereafter, the Board notified Lewis of its decision.

8. 2 Pa.C.S. § 553.

ultimate fact-finding tribunal, was required to give Lewis the opportunity to address the Board itself. Lewis moved to amend the order to include the statement specified in 42 Pa.C.S. § 702(b) [9] as a prerequisite for allowance of an interlocutory appeal, and to award immediate reinstatement and back pay pending further proceedings. This motion was denied by order entered the following day. Lewis did not seek permission to appeal from this court.

■ Pursuant to Rule 311(f)(2) of the Pennsylvania Rules of Appellate Procedure, the District appealed to this court challenging the trial court's ruling that the Board may not base its decision upon the proceedings before the Board's hearing officer. Generally, appeals from interlocutory orders are not permissible. *Stanford v. Casasanta,* 437 Pa. 429, 431, 263 A.2d 326, 327 (1970). Discouraging such appeals furthers the goals of judicial economy. *Stevenson v. General Motors Corp.,* 513 Pa. 411, 417, 521 A.2d 413, 416 (1987).[10] However, Rule 311(f)(2) allows interlocutory appeals as of right from orders "of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer that decides an issue which would ultimately evade appellate review if an immediate appeal is not allowed." Pa. R.A.P. 311(f)(2). Because the District's contention would become moot after the remand hearing ordered by the trial court, Rule 311(f)(2) applies.[11]

Lewis also appealed to this court, complaining that he was denied due process by the lower court's refusal to order reinstatement and back pay pending the rehearing before the Board, and also by a potential commingling of functions in the proceedings before the Board due to the District's and the Board's utilization of the same pool of staff attorneys. The latter issue was not addressed by the common pleas court, and no factual record has been developed to support the allegation.

Although not elaborated upon in his argument, Lewis states in his jurisdictional statement that appellate jurisdiction is predicated on 42 Pa.C.S. § 762(a)(4), and Rules 311(f) and 313 of the Pennsylvania Rules of Appellate Procedure. We disagree. The statutory section cited, by its very terms, applies only to final orders. Rules 311(f) and 313 require that the issue raised will evade appellate review if immediate appeal is not allowed. This requirement is not satisfied by Lewis' appeal, which raises claims of error which can be fully addressed and remedied upon appeal from a final order below. Therefore, the only issue which we will address here is that issue raised by the Board's appeal.

■ Thus we turn to the merits of the Board's argument, whether the Board complied with the statutory due process dictates by delegating to its hearing officer the task of conducting the hearing upon which the Board based its decision. Due process requirements [12] are fully applicable to adjudica-

9. This section provides:
   When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.
   42 Pa.C.S. § 702(b).

10. With this in mind, this court initially quashed the Board's appeal because the lower court's order was interlocutory. *School Dist. of Phila. v. J. Lewis, Jr.* (No. 2655 C.D.1995, filed October 12, 1995). Upon reconsideration, the Board's appeal was allowed as a matter of right.

11. This rule is a codification of the prior common law enunciated in *Philadelphia Comm'n on Human Relations v. Gold,* 95 Pa.Cmwlth. 76, 503 A.2d 1120 (1986). In *Gold,* we permitted an interlocutory appeal as of right, reasoning that once the new hearing ordered by the trial court was held, any impropriety of the previous hearing would become moot on appeal. *Id.* at 1121. However, we limited the appeal to that narrow issue and refused to consider the merits of the case where the trial court had not yet done so. *Id.*

12. The essential elements of due process are notice and opportunity to be heard and to defend oneself in an orderly proceeding adapted to the nature of the case before a tribunal having jurisdiction over the matter. *Soja v. Pennsylvania State Police,* 500 Pa. 188, 194, 455 A.2d 613, 615 (1982). Due process also requires an opportunity to confront and cross-examine adverse wit-

tive hearings involving substantial property rights before administrative tribunals. *Soja v. Pennsylvania State Police*, 500 Pa. 188, 193, 455 A.2d 613, 615 (1982). Further, Section 553 of the Local Agency Law provides: "No adjudication of a local agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." 2 Pa.C.S. § 553.

■ Specifically, provisions of the Local Agency Law apply to the dismissals of public employees whose right to continued employment is based on a statutory guarantee. *Sergi v. School Dist. of City of Pittsburgh*, 28 Pa.Cmwlth. 576, 368 A.2d 1359, 1361 (1977). Section 514 of the Public School Code provides that:

> The board of school directors ... shall after due notice, giving the reasons therefor, and after hearing if demanded, have the right at any time to remove any of its ... employes ... for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct.

24 P.S. § 5–514. In other words, nonprofessional public school employees have a property right in their expectation of continued employment, as defined in Section 514, and the Board must comply with procedural due process safeguards when dismissing them for cause. *See Dingel v. State Employees' Retirement Sys.*, 62 Pa.Cmwlth. 79, 435 A.2d 664, 668 (1981); *Swartley v. Norristown Area Sch. Dist.*, 51 Pa.Cmwlth. 121, 414 A.2d 153, 154 (1980).

In *School District of Philadelphia v. Puljer*, 92 Pa.Cmwlth. 329, 500 A.2d 905 (1985), we upheld the Board's dismissal of a custodian where the Board, without an additional hearing, adopted the decision of its hearing officer. *Id.* at 906. Like many Commonwealth agencies, which serve as ultimate fact-finding tribunals,[13] the Board of Education has broad discretion to delegate to hearing officers the task of conducting hearings. Thus, we hold that the Board fully complied with the requirements of due process by: (1) appointing a hearing officer to hold a hearing at which Lewis was represented by counsel and had the opportunity to cross-examine witnesses; (2) reviewing the officer's findings of facts, conclusions of law and recommendation; and (3) making an independent ruling based on the entire record.

■ We also conclude that the lower court erred in declaring that the Board violated due process by not affording Lewis the opportunity to present oral or written argument to the Board before rendering its decision. Section 506 of the Administrative Agency Law provides that "[a]ll parties shall be afforded opportunity to submit briefs prior to adjudication by a Commonwealth agency." 2 Pa.C.S. § 506. This section also grants to the agency the discretion to hear oral argument upon substantial issues. *Id.*

However, such statutory guarantees of due process do not prohibit parties from waiving their rights. *Adams v. Lawrence Township Bd. of Supervisors*, 153 Pa.Cmwlth. 418, 621 A.2d 1119, 1121 (1993). Thus, where a party neither requests the opportunity to file a brief nor indicates any such desire prior to an agency's adjudication of the case, the party has waived this opportunity. *Pivirotto v. State Real Estate Comm'n*, 123 Pa.Cmwlth. 452, 554 A.2d 179, 181 (1989) [citing *Feddish v. State Bd. of Chiropractic Examiners*, 13 Pa.Cmwlth. 43, 317 A.2d 899 (1974)]. Since we find nothing in the record to indicate that Lewis or his attorney requested the opportunity to submit a written brief to the Board before it rendered its decision, we hold that Lewis waived this right.

Accordingly, we quash Lewis' appeal from the order of the court of common pleas, reverse the lower court's order and remand this case for that court to address the merits of Lewis' appeal from the Board.

nesses. *Id.*, 455 A.2d at 615; *see also* 2 Pa.C.S. § 554.

**13.** For example, the Unemployment Compensation Board of Review, the State Employees Retirement Board and the State Police Commissioner all serve as ultimate arbiters of the facts within the administrative process. However, the hearings are conducted by referees or fact-finding boards who make recommendations which the decision-making tribunals choose either to follow or to disregard.

## ORDER

AND NOW, this 5th day of March, 1997, Lewis' appeal from the order of the Court of Common Pleas of Philadelphia County is quashed, the order of the court of common pleas is reversed, and the matter is remanded to the court of common pleas for a determination of the merits of Lewis' appeal from the order of the Philadelphia Board of Education.

Jurisdiction relinquished.