**Glenn GOW, Petitioner,**

v.

**DEPARTMENT OF EDUCATION, Professional Standards and Practices Commission, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 2000.

Decided Nov. 27, 2000.

R. Richard Wagner, Harrisburg, for petitioner.

M. Patricia Fullerton, Asst. Chief Counsel, Harrisburg, for respondent.

Before DOYLE, President Judge, McGINLEY, Judge, and NARICK, Senior Judge.

NARICK, Senior Judge.

Glenn Gow (Gow) appeals from the order of the Department of Education (Department), Professional Standards and Practices Commission (Commission) which found that Gow had committed acts of cruelty and intemperance for which discipline must be imposed pursuant to Section 5(a)(11) of the Act known as the Teacher Certification Law (Law).[1] They further

---

1. Act of December 12, 1973, P.L. 397, *as amended*, 24 P.S. § 2070.5(a)(11), provides the Commission with the power to:

found that the appropriate discipline for these actions was revocation of all letters of eligibility and professional certifications issued by the Department. We agree.

In December of 1993, Gow's conduct was the subject of charges filed against him before the Big Spring School District (School District). Those charges were not sustained and Gow was reinstated as principal. Thereafter, several persons filed a complaint with the Department. On July 26, 1996, the Department issued a notice of charges against Gow seeking to have him professionally disciplined based upon allegations of immorality, incompetence, intemperance, cruelty and negligence. Hearings were conducted, and on June 23, 1998, the hearing officer found one charge of "intemperance" and recommended that Gow be suspended for six months or until he had undergone counseling or undertaken counseling services with a qualified professional. Gow and the Department filed exceptions to the decision. Oral argument was heard before the Commission on the exceptions. On June 30, 1999, the Commission found that the record supported an additional finding of "cruelty" and determined that Gow's certificates should be revoked for an indefinite period of time. Both decisions relied upon Gow's conduct towards his secretary, Donna Minnich (Minnich), two student-council members, parent's, and faculty.

▪ Gow filed exceptions to the hearing officers' report, and a petition for review with our Court. Gow contends that the Commission erred in applying the wrong scope of review and in making independent review of the facts; that the Commission erred in concluding that the Department was not estopped by res judicata or collateral estoppel from pursuing charges against Gow; that the Departments action was not filed within the applicable statute of limitations and the decisions of the hearing officer and the Commission were beyond the time limitations as set forth in the Law; that the Commission and the Department fail to follow the Law, alleging that the Chief Counsel of the Department did not review the complaint; that Gow was denied a fair and impartial hearing, because two separate hearing officers heard different portions of his case; that the Department violated the procedure adopted by the Commission when it filed a brief on exceptions rather than mere exceptions; and that the hearing officer and the Commission's determination of "intemperance" was inconsistent with the definition set forth in 22 Pa.Code § 237.5.[2]

## COMMISSION REVIEW

▪ The Commission is the ultimate factfinder. Section 14 of the Law, 24 P.S. § 2070.14, provides in relevant part:

(b) The commission shall promptly consider exceptions to the hearing officer's decision. The commission by a majority vote of the full membership **shall accept, modify or reject the hearing officer's decision,** except that, in the case of discipline of an administrator, all exceptions shall be taken by a special panel of at least five members of the commission selected by the chairperson, which will not include teachers.

(c) Within 45 days after receiving the decision from the hearing officer and the exceptions thereto, the commission **shall issue a written opinion and order affirming, reversing or modifying the hearing officer's decision and imposing discipline, if any.** (Emphasis Added).

[D]icipline, as provided hereunder, any professional educator found guilty upon hearings of immorality, incompetency, intemperance, habitual use of drugs or narcotics, cruelty or negligence. . . .

2.  Our review is limited to a determination of whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact were supported by substantial evidence. *Startzel v. Commonwealth, Department of Education,* 128 Pa.Cmwlth. 110, 562 A.2d 1005 (1989), appeal denied, 524 Pa. 636, 574 A.2d 76 (1990).

24 P.S. § 2070.14(b) and (c). This section of the Law is most similar to that of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 824. The Unemployment Compensation Law provides in pertinent part:

> The board shall have the power ... in any such case and in cases where a further appeal is allowed by the board from the decision of a referee, **may affirm, modify, or reverse the determination or revised determination, as the case may be,** of the department or referee on the basis of the evidence previously submitted in the case, or direct the taking of additional evidence. (Emphasis Added).

43 P.S. § 824. The Unemployment Compensation Board of Review is the ultimate fact finder and sole arbitrator on issues of credibility and evidentiary weight. *Gioia v. Unemployment Compensation Board of Review,* 661 A.2d 34 (Pa.Cmwlth.1995).

■ The language in the Law differs substantially from that of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 854. The Workers' Compensation Act provides:

> In any such appeal the board may disregard the findings of fact of the referee if not supported by competent evidence and if it deem proper may hear other evidence, and may substitute for the findings of the referee such findings of fact as the evidence taken before the referee and the board, as hereinbefore provided, may in the judgment of the board, require, and may make such disallowance or award of compensation or other order as the facts so founded by it may require.

77 P.S. § 854. The Workers' Compensation Appeal Board is bound by the Workers' Compensation Judges' findings of fact unless such findings are not supported by competent evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan),* 531 Pa. 287, 612 A.2d 434 (1992).

■ In the present controversy, a review of the language reveals the legislature's intention to empower the Commission as the ultimate fact finder with the authority to affirm, reverse, or modify the hearing officer's decision, as well as to impose discipline accordingly. 24 P.S. § 2070.16. Thus, as the final fact finder, the Commission must judge the weight and credibility of evidence and witnesses. The Commission did not take any additional testimony or evidence. However, the Commission is empowered to substitute its own independent judgment instead of deferring to the judgment of the hearing officer. We find that the Commission did not err in its review of this matter.

## RES JUDICATA/COLLATERAL ESTOPPEL

■ The Department is not estopped and res judicata does not apply in this case. The doctrine of res judicata requires Gow to meet all of the following four elements:

> (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; (4) identity of the quality in the persons for or against whom the claim is made.

*City of Pittsburgh v. Zoning Board of Adjustment,* 522 Pa. 44, 559 A.2d 896, 901 (1989). Gow does not meet any of the requirements for res judicata. First, in a dismissal action before the Big Spring School Board, the "thing sued for" was Gow's employment with the School District. In the present matter, the "thing sued for" is Gow's certification as an educator and administrator in the Commonwealth. Because he did not meet this initial requirement, we need not address the other three prongs.

■ In proving the doctrine of collateral estoppel, Gow must establish the following four elements:

> (1) the issue decided in the prior case is identical to the one presented in the

later case; (2) there was a final judgment on the merits; (3) the party against whom the doctrine is asserted was a party or in privity with a party in the prior case and had a full and fair opportunity to litigate the issue; and (4) the determination in the prior proceeding was essential to the final judgment. *C.D.G., Inc. v. Workers' Compensation Appeal Board*, 702 A.2d 873, 875 (Pa.Cmwlth. 1997). Gow does not meet the first or third element. The issue decided before the School Board dismissal hearing is whether Gow violated Article XI of the Public School Code of 1949 with respect to actions taken within the scope of his employment. In the present matter, the issue before the Commission was whether Gow violated the Law, 24 P.S. §§ 2070.1–2070.18. All four elements must be satisfied, and Gow failed to show identical issues, therefore, we need not address the doctrine of collateral estoppel further.

## TIMELINESS

■ Next, Gow contends the Department's action was barred by the Statute of Limitations. Gow failed to address this issue to the Commission in his exceptions when he filed his appeal, thus it is waived pursuant to Pa.R.A.P. 1551.

■ Gow also contends that the decision of the hearing officer was beyond the statutory time periods as set forth in Sections 2070.13(c)(7) and 2070.14(c) of the Law. Any purely judicial function cannot be deemed invalid or illegal by a statute's requiring a judicial action to occur within a certain period of time. *West Penn Power Co. v. Pennsylvania P.U.C.*, 104 Pa. Cmwlth. 21, 521 A.2d 75 (1987). The time periods set forth in the Law are directory, and we will not punish a party for the inaction of the adjudicator.

## PROCEDURE

■ Gow contends that the Department's Chief Counsel, himself, did not review the complaint, but that the complaint was reviewed by a member of his staff. The Chief Counsel, himself, is not required to personally review every complaint. As long as the complaint was reviewed by a member of the Chief Counsel's staff, that is sufficient. We will not require an individual to review every complaint when he has a competent staff for such delegations.

■ The replacing of the hearing officer during the hearing did not prejudice Gow. The new hearing officer reviewed the testimony taken prior to his appointment. That is sufficient, as Gow did not allege that the hearing officer was not impartial. A hearing officer may make findings, including witness credibility, without being present for the entire hearing. This Court has consistently recognized that the constitutional guarantees of due process apply equally to proceedings before administrative tribunals. *See*, e.g., *Begis v. Industrial Board of the Department of Labor and Industry*, 9 Pa.Cmwlth. 558, 308 A.2d 643 (1973). The basic requirements of due process are notice and an opportunity to be heard. *Sunset Golf Course v. Workmen's Compensation Appeal Board (Department of Public Welfare)*, 141 Pa.Cmwlth.103, 595 A.2d 213 (1991). Due process does not require that the actual determinations be made by the person hearing the evidence in all administrative proceedings.

In *R. v. Commonwealth of Pennsylvania, Department of Public Welfare and Montgomery County Office of Children and Youth*, 535 Pa. 440, 636 A.2d 142 (1994), one hearing examiner heard the first four days of hearings and a second hearing examiner heard the fifth day and then issued the adjudication and recommendation. We found that:

Because the Office of Hearings and Appeals, not the hearing examiner, is the ultimate finder of fact in this case, it is of no moment that the hearing examiner who issued the Adjudication and Recommendation did not hear the testimony given during the first four days of hearings. The hearing examiners are assis-

tants who are constitutionally permitted to help the agency by taking, sifting through, and analyzing evidence. [citations omitted].

*R. v. Commonwealth,* 535 Pa. at 447, 636 A.2d at 145. In the present controversy, we found that the hearing examiner was not the ultimate finder of fact, thus, it is of no moment that the hearing officer who issued the decision did not hear the testimony given during the entire hearing.

■■■ Gow contends that the Department violated procedure by filing a brief on exceptions rather than mere 'exceptions'. Section 2070.14 of the Law and 22 Pa.Code § 233.13(f)(1) require the submission of exceptions to the hearing officers decision to the Commission. Neither section states the form the exceptions are required to take. In *Anthony J. Pivirotto v. Commonwealth of Pennsylvania, State Real Estate Commission,* 123 Pa.Cmwlth. 452, 554 A.2d 179 (1989), the hearing examiner issued his proposed report which recommended the revocation of the petitioner's real estate licenses. The petitioner filed a "brief on exceptions" and the Commission prosecutor filed a brief in opposition. *Id.*

In the present case, the brief on exceptions contained all the exceptions brought before the Commission. We find the form of a brief rather than mere exceptions is acceptable, as it contains all the information required.

### INTEMPERANCE

■■■ Finally, Gow contends that the facts of the case did not meet the definition of intemperance as set forth in 22 Pa.Code § 237.5; that a single episode cannot be considered "excessive conduct". Intemperance is defined in 22 Pa.Code § 237.5 as "a loss of self-control or self-restraint, which **may** result from excessive conduct." (emphasis added). Conduct that extended over a period of time, whether it is hour upon hour or day after day, may be

considered excessive. Excessive is defined as, "exceeding the usual, proper, or normal." Webster's Collegiate Dictionary 432 (9th ed.1987). A review of the record reveals that substantial evidence was presented to support the hearing officer's finding of intemperance.[3]

Accordingly, we affirm.

Judge McGINLEY concurs in the result only.

### *ORDER*

AND NOW, this 27th day of November, 2000, the order of the Department of Education Professional Standards and Practices Commission in the above-captioned matter is affirmed.

---

3. The Commission made an additional finding of "cruelty" which Gow did not contest.