IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Fraternal Order of Police, Fort Pitt : 
Lodge No. 1, and Officer Robert : 
Redman : 
 : 
          v. : No. 1594 C.D. 2024
 : Argued: March 3, 2026
City of Pittsburgh, Pennsylvania and : 
City of Pittsburgh Civil Service : 
Commission, : 
              Appellants : 


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER       FILED: April 7, 2026

The City of Pittsburgh (City) and the City of Pittsburgh Civil Service Commission (Commission) appeal the Order of the Court of Common Pleas of Allegheny County (trial court), exited November 18, 2024, granting the statutory appeal of the Fraternal Order of Police, Fort Pitt Lodge No. 1 (FOP), and Officer Robert Redman (Officer Redman) (together, Appellees). The trial court also remanded to the Commission to conduct a hearing on whether Officer Redman, a probationary police officer, joined the FOP before the City terminated his employment and whether the City terminated his employment for proper cause. The City argues the trial court erred because as a probationary officer, Officer Redman

lacks a property interest in his employment and, thus, Appellees lack standing to challenge his termination.

Also before the Court is Appellees' Application/Motion to Dismiss/Quash Appeal Pursuant to Pennsylvania Rules of Appellate Procedure 123 and 1972(a)(3), (7), Pa.R.A.P. 123, 1972(a)(3), (7), (Application). Therein, Appellees request that the Court dismiss or quash the City's appeal with prejudice for lack of jurisdiction because it is an appeal of an interlocutory order.

Upon review, the Court denies the Application because the Order is appealable as of right under Pennsylvania Rule of Appellate Procedure 311(f)(2), Pa.R.A.P. 311(f)(2). Additionally, the Court reverses the trial court's Order because Officer Redman, as a probationary officer, lacks a property right in his continued employment with the City.

## I.  BACKGROUND

The FOP is the exclusive bargaining representative for all police officers in the City's Bureau of Police (Bureau) as provided by the Policemen and Firemen Collective Bargaining Act, Act of June 24, 1968, P.L. 237, No. 111, *as amended*, 43 P.S. §§ 217.1-217.12, commonly known as Act 111. The City and the FOP are parties to a Collective Bargaining Agreement (CBA), which governs the terms and conditions of employment between the Bureau and its police officers, including Officer Redman. At issue in this matter is the CBA in place from January 1, 2023, to December 31, 2025. Specifically, Section 1.C and 1.D of the CBA is at issue and provides as follows:

> C. Newly hired police officers shall be required to serve a probationary period of twelve (12) months, the term of which shall commence upon successful completion of the Pennsylvania Municipal Police Officers Education and Training Commission (MPOETC) certification and

examination. All terms and conditions of employment under this [CBA] apply to the officer during the probationary period except for the just cause requirements applicable to disciplinary action, including termination.

D. The just cause provisions shall apply to the officer once the probationary period ends. The officer shall be entitled to voluntarily join the [FOP] after successfully completing the MPOETC examination and being sworn in by the City . . . as a police officer for the City . . . . Each employee shall then be accorded the right to appeal, as not being for proper cause, any employment termination action to the . . . Commission; provided such appeal is filed within ten (10) work days of the City's notice of that termination, or pursuant to Section 5 of the [CBA].

(Reproduced Record (R.R.) at 27a.)[1]

The facts of this matter are largely undisputed.[2] In July 2023, the City hired Officer Redman as a full-time police officer with the Bureau. Following training at the Police Academy, the City swore in Officer Redman as a City police officer in March 2024. In April 2024, Officer Redman successfully completed the MPOETC certification and examination, commencing the 12-month probationary period pursuant to Section 1.C of the CBA. The following month, however, the City's Public Safety Director terminated Officer Redman's employment with the Bureau because his "services [were] no longer required by the City." (Original Record (O.R.) at 261.)[3] Consequently, the Public Safety Director informed Officer Redman that he "failed to complete [his] probationary period successfully" and would "not receive appointment to the Police Officer position." (Id.)

---

[1] The record contains only a copy of the CBA in place from January 1, 2019, to December 31, 2022. Section 1.C and 1.D remains the same in both the 2019-2022 CBA and the 2023-2025 CBA. (R.R. at 159a.)

[2] The parties dispute whether Officer Redman joined the FOP before his termination, which the trial court directed the Commission to determine upon remand.

[3] For convenience, the citations to the Original Record reflect electronic pagination.

Appellees appealed Officer Redman's termination to the Commission in June 2024, pursuant to the Civil Service statutes, the Commission's rules, and Section 1.D of the CBA. Appellees specifically requested a hearing on the appeal. After review, the Commission denied Appellees' appeal without a hearing, reasoning that under Civil Service Rule XI, Section 4A(1), "the Commission does not have the authority to reinstate an individual who has been dismissed during his or her probationary period." (*Id.* at 266.)

Appellees subsequently filed a statutory appeal with the trial court. Appellees argued that because Officer Redman completed the MPOETC certification and examination and joined the FOP, Officer Redman had "the right to appeal, as not being for proper cause, any employment termination action to the . . . Commission" pursuant to Section 1.D of the CBA. (R.R. at 12a (emphasis removed).) Appellees further argued that "Officer Redman was entitled to a hearing with the . . . Commission as his termination was made without proper just cause under the Civil Service Rules." (*Id.* at 13a.) Accordingly, Appellees requested that the trial court either hear the appeal de novo or remand to the Commission to conduct a hearing.

The trial court granted Appellees' statutory appeal and remanded to the Commission. The trial court reasoned that pursuant to Section 1.C and 1.D of the CBA, a probationary employee may appeal a termination to the Commission after completing the MPOETC certification and examination and joining the FOP. In an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), the trial court further reasoned that Section 1.D of the CBA "creates a contractual expectation that probationary police officers who have completed the MPOETC and joined the FOP will maintain their employment unless 'proper cause' exists to terminate them." (1925(a) Opinion at 3.) Because Officer Redman

4

completed the MPOETC certification and examination and alleged to have joined the FOP, the trial court concluded that Officer Redman was entitled to a hearing on his termination before the Commission. For this reason, the trial court explained that Appellees had standing to appeal the Commission's decision. Thus, the trial court remanded to the Commission to conduct a hearing on whether Officer Redman joined the FOP and whether the City terminated Officer Redman for proper cause.

The City and Commission now appeal the Order to this Court.[4]

## II. DISCUSSION

Before the Court considers whether the trial court erred in granting Appellees' statutory appeal and remanding to the Commission, we must address the Application as it affects the Court's jurisdiction over this appeal.

### A. Appealability of the Order

In the Application, Appellees argue that the Court lacks jurisdiction over the City's appeal because the Order is interlocutory. Appellees assert that the Order is not final but interlocutory in nature because it does not dispose of all claims or parties, end the litigation, or put the parties out of court. For these same reasons, Appellees contend that the Order "does not decide an issue that would ultimately evade appellate review if immediate appellate review is not allowed." (Application at 18 (citation omitted).) Indeed, Appellees maintain that "[t]he ultimate dispute, the merit to [Officer] Redman's termination, is not adjudicated with any finality until the . . . Commission issues a final decision on the merits that is either not appealed or decided finally on appeal." (*Id.* at 19.) Because the Order merely held that

---

[4] "Appellate review over a trial court's order remanding a case to a local agency is limited to determining whether the trial court abused its discretion or committed an error of law." *Marchionni v. Se. Pa. Transp. Auth.*, 715 A.2d 559, 561 n.1 (Pa. Cmwlth. 1998).

5

Appellees were entitled to a hearing on Officer Redman's termination and, thus, remanded to the Commission to hold a hearing and develop a record, Appellees argue this Court lacks jurisdiction over the City's appeal.

The City responds that the Order is appealable for three reasons. First, the City argues the Order is a final, appealable order under Pennsylvania Rule of Appellate Procedure 341, Pa.R.A.P. 341, because it resolved all of the parties' claims by determining that Appellees had standing and were entitled to a hearing before the Commission on Officer Redman's termination. Second, the City asserts the Order is interlocutory and appealable as of right under Pa.R.A.P. 311(f)(2) because it is an order "remanding a matter to an administrative agency or hearing officer that decides an issue that would ultimately evade appellate review if an immediate appeal is not allowed." (City's Br. in Opp'n to Appellees' Appl. at 11.) The City argues that if the Court grants the Application, the City's "challenge to the trial court's jurisdiction, i.e., [Appellees'] standing, and the City's right to fire a probationary employee without proper cause and a post-termination due process hearing . . . will be irreversibly lost." (*Id.* at 11-12.) Third, the City contends the Order is an immediately appealable collateral order under Pennsylvania Rule of Appellate Procedure 313, Pa.R.A.P. 313, because it is collateral to the main issue brought by Appellees of whether the City terminated Officer Redman for proper cause and review of the City's right to terminate a probationary employee without a hearing will be irreparably lost.

In general, this Court's jurisdiction to hear appeals from the orders of the courts of common pleas is limited to final orders. Section 762(a) of the Judicial Code, 42 Pa.C.S. § 762(a); Pa.R.A.P. 341(a). Relevantly, an order is final if it "disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1). Conversely, "where

an order does not dispose of all claims or all parties, it is interlocutory and not appealable to this Court." *Swartz v. Workers' Comp. Appeal Bd. (Cheltenham York Rd. Nursing & Rehab.)*, 869 A.2d 35, 37 (Pa. Cmwlth. 2005). It is settled that an order of the courts of common pleas remanding a matter to an administrative agency "for further proceeding is an unappealable interlocutory order unless it falls within one of the exceptions set forth in [Pa.R.A.P.] 311(f)." *See Sunoco Partners Mktg. & Terminals, L.P. v. Clean Air Council*, 219 A.3d 280, 286 (Pa. Cmwlth. 2019) (quoting *Peterson v. Workers' Comp. Appeal Bd. (Wal Mart & CMI, Inc.)*, 938 A.2d 512, 515 (Pa. Cmwlth. 2007)).

Pennsylvania Rule of Appellate Procedure 311(f) authorizes the appeal of an interlocutory order as of right in two circumstances:

> (f) Administrative Remand. An appeal may be taken as of right from:
>
> > (1) an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion; or
> >
> > (2) an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer that decides an issue that would ultimately evade appellate review if an immediate appeal is not allowed.

Pa.R.A.P. 311(f). The City argues the Order is appealable as of right pursuant to Pa.R.A.P. 311(f)(2) because whether the City has the right to terminate a probationary employee without proper cause and a post-termination hearing will become moot and evade appellate review if the Commission conducts the remand hearing. We agree.

7

In *Lewis v. School District of Philadelphia*, the School District of Philadelphia (District) appealed an interlocutory order of a common pleas court that remanded the matter for the Philadelphia Board of Education (Board) to provide a hearing on Lewis' dismissal from employment. 690 A.2d 814, 815 (Pa. Cmwlth. 1997). The common pleas court remanded because the Board violated due process "by designating a Board hearing officer to conduct a hearing and by adopting the findings of fact and conclusions of law of the Board's hearing officer without also granting Lewis a hearing before the Board itself." *Id.* The District argued the interlocutory order was appealable under Pa.R.A.P. 311(f)(2) because whether the Board's existing procedures comported with due process would evade appellate review if the Board was required to conduct a hearing. *Id.* at 815 n.1, 816. This Court agreed, reasoning that "[b]ecause the District's contention would become moot after the remand hearing ordered by the trial court, [Pa.R.A.P.] 311(f)(2) applies." *Id.* at 816.

This Court similarly held that an interlocutory order was appealable pursuant to Pa.R.A.P. 311(f)(2) in *Department of Public Welfare v. Workers' Compensation Appeal Board (Harvey)*, 960 A.2d 957 (Pa. Cmwlth. 2008). There, the Workers' Compensation Appeal Board remanded for a Workers' Compensation Judge (WCJ) "to receive additional evidence on the amount of credit [an e]mployer could claim against the disability compensation owed to [a claimant] by reason of [the e]mployer's contribution to [the c]laimant's pension from the State Employees' Retirement System." *Id.* at 959. The employer argued that the interlocutory order was appealable pursuant to Pa.R.A.P. 311(f)(2) because (1) "if the WCJ makes new findings on the amount of [the c]laimant's contribution to his pension, then his original decision will become moot and evade review," and (2) "[the e]mployer will be required to attend an unnecessary and illegal hearing." *Id.* at 963. This Court

8

agreed with the employer. The Court concluded that the order was appealable pursuant to Pa.R.A.P. 311(f)(2) because "[a]s in *Lewis*, [the e]mployer will lose the relief sought in its petition for review, i.e., being excused from a completely improper hearing." *Id.* (italics removed).

Here, like in *Lewis* and *Harvey*, the Order is appealable as of right under Pa.R.A.P. 311(f)(2) because the City "will lose the relief sought in its [notice of appeal], i.e., being excused from a completely improper hearing." *See Harvey*, 960 A.2d at 963 (italics removed); *see also Lewis*, 690 A.2d at 816. In other words, the Order is appealable because whether the City is permitted to terminate a probationary employee without a hearing and proper cause will evade appellate review after the remand hearing ordered by the trial court. *See Olson v. Borough of Avalon*, 811 A.2d 66, 69 n.4 (Pa. Cmwlth. 2002) (holding, without explanation, that a common pleas court order directing a remand for a borough council to afford a probationary police officer a post-termination hearing is appealable as of right under Pa.R.A.P. 311(f)(2)). Therefore, the Court denies the Application and now turns to the merits of the City's appeal.

### B. Review of the Order

#### 1. Parties' Arguments

On appeal, the City argues the trial court erred for two interrelated reasons. First, the City argues the trial court erred in concluding that under Section 1.D of the CBA, a probationary officer has a contractual property interest in employment and, thus, is entitled to a proper cause hearing before termination if the officer successfully completes the MPOETC certification and examination and joins the FOP. The City asserts that the trial court's interpretation of Section 1.D of the CBA is unenforceable because it "results in the unlawful coercion of probationary

9

employees facing dismissal to join the [FOP] as they, otherwise, will not possess a property interest in their employment to demand a probable cause hearing." (City's Br. at 12.) The City contends that the only lawful interpretation of Section 1.D of the CBA is the following interpretation:

> [A] new police officer will acquire a property interest in his employment after completing a [12-]month probationary period, successfully completing the MPOETC examination[,] and is sworn in by the City as a police officer. At that point, [the officer] may voluntarily join the [FOP] and, like other permanent police officers, may appeal "any employment termination action" to the . . . Commission or challenge such action by filing a grievance under Section 5 of the [CBA].

(*Id.* at 11-12.) Because the CBA does not create a contractual property interest in employment for probationary police officers, the City argues that Officer Redman "does not have a due process right to a probable cause hearing about his termination." (*Id.* at 12.)

Second, because of the foregoing, the City argues the trial court erred in concluding Appellees have standing to appeal the Commission's decision and remanding for the Commission to conduct a hearing. The City contends that because Officer Redman lacks a property interest in his employment, Appellees lack standing to appeal the Commission's decision as it did not adversely affect Appellees. Even if Officer Redman has a property interest that would entitle him to a due process hearing, the City maintains that "[t]he Commission is not authorized to reinstate an employee fired during his probationary period" under Civil Service Rule XI, Section 4A(1). (*Id.* at 14.) Because "[t]he Commission interpreted this rule to mean that it will not hold a hearing concerning dismissals brought by probationary employees," which "is entitled to deference," the City claims that the Commission is not required

10

to provide Officer Redman a hearing. (*Id.* at 14-15.) Therefore, the City argues Appellees are not entitled to a hearing on Officer Redman's termination.

Appellees retort that the trial court did not err in the Order for two reasons. First, Appellees argue the trial court did not err in concluding that Appellees possess standing to bring the statutory appeal. Appellees assert that they have standing because Officer Redman was aggrieved by the Commission's decision as he was terminated by the City without "his statutory-and-CBA provided hearing." (Appellees' Br. at 18.) Appellees further contend that they have standing because "Officer Redman was terminated from employment without *any* reason given, and thus without any just or proper cause, *contra* to both the requirements of the CBA at Section 1.D and Civil Service Rule XI, Section 1." (*Id.* at 19 (emphasis in original).)

Second, Appellees argue the trial court did not err in remanding for the Commission to conduct a hearing. Although not entitled to Act 111 grievance arbitration, Appellees assert that pursuant to the CBA, "[Officer] Redman is entitled to the right to appeal to the . . . Commission" and to a hearing before the Commission on whether "his termination was made without proper just cause under the Civil Service Rules." (*Id.* at 26.) However, the Commission did not conduct a hearing on, or otherwise conduct "a 'full and fair' review" of, Officer Redman's termination. (*Id.* at 27.) Therefore, Appellees maintain that the trial court "was within its power and discretion to remand" for the Commission to "mak[e] a full and complete record" and hold a hearing on whether Officer Redman joined the FOP and whether the City terminated him for proper cause. (*Id.* at 28.)

The City replies that Appellees have not proven their standing to challenge the Commission's decision. As an initial matter, the City asserts that Appellees' "argument that [Officer] Redman is aggrieved by his discharge from employment,

11

the alleged denial of all CBA benefits incident to his employment, and his statutorily provided hearing exceeds the issues that were before the trial court and, thus are waived before this Court." (City's Reply Br. at 3.) Additionally, the City maintains Appellees are not "directly aggrieved" by the Commission's decision as "[Officer] Redman did not suffer an injury because he [is not], nor [is] any probationary employee, [] entitled to a hearing before the Commission to challenge their probationary discharge" irrespective of whether he has a property interest in his employment. (*Id.* at 4-5.) Moreover, the City argues that when considered together, Section 1.C and 1.D of the CBA shows that "the parties did not intend that probationary employees will have a property interest in their employment under any circumstances." (*Id.* at 7.) Rather, these provisions "permit the City to test or evaluate the probationer before deciding if that individual should be made permanent" and do not require the City "to demonstrate 'proper' or 'just cause' for their dismissal." (*Id.* at 8.) Because the trial court's interpretation of the CBA "negates the negotiated 'at-will' status of probationary officers," the City argues the trial court erred in the Order. (*Id.* at 8-9.)

## 2. Analysis

By default, police officers are considered at-will employees during the probationary period. *Upper Makefield Township v. Pa. Lab. Rels. Bd.*, 753 A.2d 803, 806 (Pa. 2000). Consequently, "as a general rule," government employers may terminate probationary police officers "at any time, for any reason or for no reason." *Pipkin v. Pa. State Police*, 693 A.2d 190, 191 (Pa. 1997). For this reason, probationary officers are not entitled to challenge their employer's decision to terminate their employment based on unsuccessful completion of the probationary period because the officers lack a personal or property right in their continued

12

employment. *Id.* at 193. "A governmental employee only has a personal or property right in his employment where he can establish a legitimate expectation of continued employment through either a contract or a statute." *Id.* at 192.

A CBA between a government employer and its employees may establish a contractual legitimate expectation of continued employment for probationary police officers. *Borough of Jenkintown v. Hall*, 930 A.2d 618, 624-25 (Pa. Cmwlth. 2007). The right to bargain collectively conferred by Act 111 "is facially available to probationary officers and may be vindicated through their authorized representatives." *Gehring v. Pa. Lab. Rels. Bd.*, 920 A.2d 181, 185 (Pa. 2007). However, the "mere inclusion in a bargaining unit" is insufficient to "refute the at-will status of [] probationary employees." *Borough of Jenkintown*, 930 A.2d at 624-25. Rather, to "refute the at-will status of probationary officers," the CBA must grant an explicit "avenue[] of redress" for probationary officers to challenge their employer's termination decisions. *Upper Makefield Township*, 753 A.2d at 118; *see also Gehring*, 920 A.2d at 185 ("[T]ermination restrictions and grievance procedures available under a [CBA] may extend to probationary officers only upon explicit prescription."). Otherwise, probationary officers remain at-will employees by default and have "no cause of action against [their] employer for termination of the at-will relationship except where that termination threatens clear mandates of public policy." *Pipkin*, 693 A.2d at 191.

Here, the CBA does not grant probationary officers an **explicit** avenue of redress to challenge the City's termination actions that refutes the default **at-will status** of probationary employment. To start, Section 1.C the CBA provides that

> [n]ewly hired police officers shall be required to serve a **probationary period** of twelve (12) months, the term of which shall commence upon successful completion of the Pennsylvania [MPOETC] certification

and examination. All terms and conditions of employment under this [CBA] apply to the officer during the probationary period **except for the just cause requirements applicable to disciplinary action, including termination**.

(R.R. at 27a (emphasis added).) "By definition, a probationary period is one in which a new, transferred, or promoted employee must prove or show that he is capable of performing the required duties of the job or position before he will be considered employed in such a position." *Pipkin*, 693 A.2d at 192. The probationary period signals "that the employee is being tested or evaluated on the job," which "will not last forever before a decision is made pursuant to which the employee will either be retained and thereby vested with the full rights and responsibilities of the non-probationary employee or will be terminated, having not completed the probationary period satisfactorily." *Upper Makefield Township*, 753 A.2d at 806. The probationary period, by default, "creates a strictly 'at will' relationship between the employer and employee." *Id.* By requiring newly hired officers to serve a probationary period, Section 1.C of the CBA explicitly adopts the default at-will employment relationship between officers and the City during the probationary period. *See id.* Therefore, Section 1.C of the CBA establishes that probationary officers, such as Officer Redman, do not have an expectation of continued employment with the Bureau during the 12-month probationary period.

Section 1.D of the CBA does not explicitly refute the at-will status of probationary officers established by Section 1.C of the CBA, as argued by Appellees. Although Appellees agree that probationary employees are not entitled to Act 111 grievance arbitration, Appellees argue that Section 1.D of the CBA creates an alternative method to challenge the City's termination actions for

probationary officers:  appeals to the Commission.  In full, Section 1.D of the CBA provides that

> [t]he just cause provisions shall apply to the officer once the probationary period ends.  The officer shall be entitled to voluntarily join the [FOP] after successfully completing the MPOETC examination and being sworn in by the City . . . as a police officer for the City . . . .  Each employee shall then be accorded the right to appeal, as not being for proper cause, any employment termination action to the . . . Commission; provided such appeal is filed within ten (10) work days of the City's notice of that termination, or pursuant to Section 5 of the [CBA].

(R.R. at 27a.)  Appellees contend that Section 1.D refutes the at-will status of probationary officers, interpreting the provision to provide that if a probationary officer joins the FOP, successfully completes the MPOETC examination, and is sworn in by the City as a police officer, the officer has the right to appeal the City's termination actions to the Commission as lacking proper cause.  Based on this interpretation, Appellees assert that Officer Redman is entitled to a hearing before the Commission on whether the City terminated his employment "without proper just cause" pursuant to Civil Service Rule XI, Section 4A(1).  (Appellees' Br. at 26.)

However, Section 1.D of the CBA does not include explicit language that an "employee" includes probationary officers and, thus, does not explicitly refute their at-will status.  *See Borough of Jenkintown*, 930 A.3d at 624-25 (concluding that a CBA provision "[did] not refute the at-will status of probationary police officers" and "specify that probationary police officers have an avenue of redress to challenge the [b]orough [c]ouncil's decision not to permanently appoint them to the police force" because the provision "[did] not have 'specific language' that a 'police officer' includes those on probation").  Moreover, pursuant to Civil Service Rule XI, Section 4A(1), "[t]he Commission does **not have the authority** to reinstate an

15

individual who has been dismissed during his or her probationary period[.]" (R.R. at 243a (emphasis added).)  Consequently, there would be no reason for Section 1.D of the CBA to grant probationary officers the right to appeal termination decisions to the Commission as the Commission specifically does not have the authority to grant relief.  Accordingly, the Court cannot conclude that Section 1.D of the CBA provides an explicit "avenue[] of redress" for probationary officers, such as Officer Redman, to challenge the City's termination decisions that "refute[s] the at-will status of [the] probationary officers" established by Section 1.C of the CBA.  *See Upper Makefield Township*, 753 A.2d at 118.

In sum, Officer Redman does not have a contractual property right in his continued employment through the CBA and, thus, cannot appeal the City's termination of his employment to the Commission.  *See Pipkin*, 693 A.2d at 191; *see also Gehring*, 920 A.2d at 185.  Therefore, the Court is constrained to conclude that the trial court erred in granting Appellees' statutory appeal and remanding for the Commission to conduct a hearing on the City's termination of Officer Redman.

### III.    CONCLUSION

For the foregoing reasons, the Court denies Appellees' Application and reverses the trial court's Order.

_____
RENÉE COHN JUBELIRER, President Judge

16

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Fraternal Order of Police, Fort Pitt    :
Lodge No. 1, and Officer Robert     :
Redman                             :
                                   :
            v.             :    No. 1594 C.D. 2024
                                   :
City of Pittsburgh, Pennsylvania and   :
City of Pittsburgh Civil Service     :
Commission,                   :
               Appellants    :

# **O R D E R**

**NOW**, April 7, 2026, the Application/Motion to Dismiss/Quash Appeal Pursuant to Pennsylvania Rules of Appellate Procedure 123 and 1972(a)(3), (7), Pa.R.A.P. 123 and 1972(a)(3), (7), filed by the Fraternal Order of Police, Fort Pitt Lodge No. 1, and Officer Robert Redman is **DENIED**.  The Order of the Court of Common Pleas of Allegheny County, exited November 18, 2024, is **REVERSED**.

_____
RENÉE COHN JUBELIRER, President Judge